# Nevill *v.* The State.

## *Indictment for Robbery.*

1. *Robbery; sufficiency of indictment.*—An indictment for robbery which describes the property alleged to have been feloniously taken as "thirty cents in specie coin of the United States, consisting of one piece of the denomination of twenty-five cents and one piece of the denomination of five cents," is sufficiently particular in the description of said property, and is not subject to demurrer for vagueness and indefiniteness of description.

2. *Same; same.*—An indictment for robbery which describes the property alleged to have been feloniously taken as "a bunch of keys of the value of one dollar," and "a knife of the value of seventy-five cents," is sufficiently particular in the description of said property, and is not subject to demurrer upon the ground of vagueness and indefiniteness of description.

3. *Same; when election on the part of the State not required.* Where an indictment for robbery contains three counts, one of which charges the property feloniously taken to be "thirty cents in specie coin of the United States, consisting of one piece of the denomination of twenty-five cents and one piece of the denomination of five cents," and the second count charges the property alleged to have been taken as "a bunch of keys of the value of one dollar," and the third count charges that the defendant feloniously took "a knife of the value of seventy-five cents," there is not presented a case for compelling the State to elect as between the several counts of the indictment as to which one he will ask for a conviction.

[Nevill v. The State.]

4. *Robbery; admissibility of evidence.*—Where two persons are jointly indicted for robbery and a severance is had, and upon the trial of one of them the evidence for the State shows that the offense charged was committed by the defendant's co-defendant pointing a pistol at the person alleged to have been robbed, it is competent for the State to prove that the defendant's co-defendant was seen with a pistol an hour or two before the commission of the alleged robbery; such evidence tending to corroborate the testimony for the State.

5. *Charge of court as to reasonable doubt.*—In the trial of a criminal case, a charge is properly refused as being argumentative, which instructs the jury that "before you can convict the defendant you must be satisfied to a moral certainty not only that the proof is consistent with the guilt of the defendant, but it is wholly inconsistent with every other rational conclusion, and unless you are so convinced by the evidence of the defendant's guilt, that you would each venture to act upon that decision in matters of the highest concern and importance to your own interest, you must find the defendant not guilty."

6. *Same; propriety of explanatory charge.*—Where a court upon the request of the defendant instructs the jury that "I charge you that the only foundation for a verdict of guilty is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty, that the defendant is guilty as charged in the indictment, to the exclusion of every possibility of his innocence and every reasonable doubt of his guilt; and if the State has failed to furnish such measure of proof and to so impress the minds of the jury of his guilt, they should find him not guilty," it is not error for the court by way of explanation to further instruct them orally that "that means, gentlemen, that every member of the jury must believe the defendant is guilty beyond a reasonable doubt before a conviction should be had."

7. *Same; same.*—Where the court, at the request of the defendant, instructs the jury that "I charge you to acquit, unless the evidence excludes every reasonable supposition but that of defendant's guilt," it is not error for the court by way of explanation, to further instruct the jury that "that means you must believe defendant's guilt beyond a reasonable doubt, or acquit."

8. *Same; charge as to reasonable doubt.*—On the trial of a criminal case, a charge given by the court at the request of the

[Nevill v. The State.]

State, instructing the jury that "if any one of the jury has a reasonable doubt of the guilt of the defendant, they are not for this reason required to acquit the defendant," is free from error.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. O. KYLE.

The appellant, Tom Nevill, was jointly indicted with Austin Griffin for robbery, was convicted and sentenced to the penitentiary for ten years. The indictment contained three counts. The first count of the indictment was as follows: "1. The grand jury of said county charge that before the finding of this indictment, that Austin Griffin and Tom Nevill feloniously took thirty cents in specie coin of the United States, consisting of one piece of the denomination of twenty-five cents and one piece of the denomination of five cents, the personal property of A. J. Widner, from his person and against his will and by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

The second count was the same as the first, except that in said count the property alleged to have been feloniously taken was described as "a bunch of keys of the value of one dollar."

The third count was the same as the first, except that the property alleged to have been feloniously taken was described as "a knife of the value of seventy-five cents." The appellant in the present case, Tom Nevill, demanded a severance, which was granted, and he was tried alone.

The defendant demurred to the first count of the complaint upon the following grounds: 1. It fails to aver that the twenty-five cents piece or the five cents piece was of copper, silver, gold or other named metal. 2. That the description of the money was vague and indefinite, and that there is no averment as to the specie of coin. 3. That the kind of coin to which the twenty-five cents piece and the five cents piece belong is not alleged, nor is it alleged that it was unknown to the grand jury.

To the second count of the indictment defendant demurred upon the ground that it fails to aver the kind or character of keys constituting said bunch of keys.

[Nevill v. The State.]

To the third count of the indictment the defendant demurred upon the ground that it fails to show the kind or character of knife, or that the same was unknown to the grand jury. Each of these demurrers were overruled.

After the jury was orgainzed the defendant moved the court to require the State to elect upon which count of the indictment it would seek a conviction. This motion was overruled, and to this ruling the defendant duly excepted.

A. J. Widner was introduced as a witness and testified substantially that on Sunday night, January 20, 1901, as he was going near the depot of the Southern Railway in Decatur, the defendant, Tom Nevill, met him and ordered him to halt; that Austin Griffin walked up behind him and shoved a pistol in his face; that while in this attitude Griffin put his hand in his pocket and took therefrom a twenty-five cents piece and a five cents piece of money, a bunch of keys worth a dollar and a knife worth seventy-five cents. The defendant thereupon moved the court to require the State to elect as to which article taken from the witness it would seek a conviction. The court refused this motion, and to this action of the court the defendant duly excepted. The witness further testified that it was dark and between 11 and 12 o'clock, but that he recognized the defenadnt Nevill and Austin Griffin; that he gave up the money and articles through fear and intimidation caused by the action of the defendant and Austin Griffin.

The defendant introduced testimony tending to show an *alibi*; that at the time fixed by the witness Widner as the time of the commission of the offense charged, he, the defendant, Tom Nevill and Austin Griffin were in another part of Decatur and were not present at the place designated.

The defendant, as a witness in his own behalf, testified that he did not see said Widner on the night testified to by him, and that he did not take or assist in taking from him any money, keys, knife or other property. One of the witnesses for the State was introduced in rebuttal and testified that between 10 and 11 o'clock she

saw the defendant Austin Griffin near the railroad sta-
tion of the Southern Railway in Decatur. This wit-
ness was asked the following question: "Whether or
not Austin Griffin had a pistol between 10 and 11
o'clock?" The defendant objected to the question be-
cause it called for irrelevant, immaterial and illegal ev-
idence, and because it had reference to a time different
from that identified as the alleged hour at which the
robbery was committed. The court overruled the ob-
jection, and the defendant duly excepted. The witness
answered that Austin Griffin had a pistol at the time
designated in the question and showed it to the de-
fendant Tom Nevill.

The court, at the request of the State, gave to the jury
the following written charge, to the giving of which
the defendant duly excepted: "If any one of the jury
has a reasonable doubt of the guilt of the defendant,
they are not for this reason required to acquit the de-
fendant."

The defendant requested the court to give to the jury
the following written charge, and separately excepted
to the court's refusal to give said charge as asked:
"Before you can convict the defendant you must be sat-
isfied to a moral certainty not only that the proof is
consistent with the guilt of the defendant, but it is
wholly inconsistent with every other rational conclusion
and unless you are so convinced by the evidence of the
defendant's guilt, that you would each venture to act
upon that decision in matters of the highest concern
and importance to your own interest, you must find the
defendant not guilty."

The bill of exceptions contains the following recital
as to the court's giving a charge requested by the de-
fendant: "Upon the request of the defendant the court
gave the following written charge: 'I charge you that
the only foundation for a verdict of guilty is that the
entire jury shall believe from the evidence beyond a
reasonable doubt and to a moral certainty that the de-
fendant is guilty as charged in the indictment, to the
exclusion of every possibility of his innocence and every
reasonable doubt of his guilt; and if the State has failed
to furnish such measure of proof and to so impress the
minds of the jury of his guilt, they should find him not

[Nevill v. The State.]

guilty,' and then added, voluntarily, the following oral charge: 'That means, gentlemen, that every member of the jury must believe the defendant is guilty beyond a reasonable doubt before a conviction should be had.' " The defendant excepted to the giving of the oral part of charge as added by the court.

The bill of exceuptions also contained the followilng recital as to a charge given by the court at the request of the defendant: "Upon defendant's request the court gave the following written charge: (A.) 'I charge you to acquit, unless the evidence excludes every reasonable supposition but that of defendant's guilt,' and then, voluntarily, added the following oral charge: 'That means you must believe defendant's guilt beyond a reasonable doubt or acquit.' "

The defendant duly excepted to the giving of this part of the charge as added by the court.

MARVIN WEST and S. A. LYNNE, for appellant.—The indictment was subject to the demurrers interposed thereto.—*Wesley v. State,* 61 Ala. 286; *Crocker v. State,* 47 Ala. 53.

The court erred in admitting testimony that Griffin had a pistol when seen with the defendant an hour or two before the offense was committed.—*Murphy v. State,* 6 Ala. 845; *Brown v. State,* 120 Ala. 342; *Sears v State,* 33 Ala. 347; *Costello v. Crowell,* 130 Mass. 588; *Martin v. State,* 104 Ala. 71; *Greenfield v. People,* 39 Am. Rep. 636; 1 Greenleaf on Evidence, § 222; *R. R. Co. v. Wodruff,* 59 Am. Rep. 155.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—Sufficient particularity of description was observed in the indictment in respect of the property averred to have been taken. As to the money see *Browning v. State,* 87 Ala. 80. As to the other property see *Churchwell v. State,* 117 Ala. 124.

No case for compelling the State to an election as between the several counts of the indictment.—*Carlton v. State,* 100 Ala. 130; *Butler v. State,* 91 Ala. 87.

[Stewart v: The State.]

As a circumstance tending to corroborate the State's witness Widner, wherein he testified that Griffin used a pistol while helping defendant to rob him, evidence that Griffin had a pistol when seen with defendant an hour or two before that occurrence was admissible.

Charges like the one here refused to defendant were condemned as argumentative in *Rogers v. State*, 117 Ala. 9, and *Amos v. State*, 123 Ala. 50. Because this charge was faulty in that respect there was no error in its refusal. In *Amos' case, supra,* opinions favoring such charges were expressly repudiated.

The explanation by the court of the first charge given for defendant apparently had reference to the required unanimity of the jury in finding a verdict. Reversible error is not found in that explanation or in the court's explanation of the second given charge.

While a lack of unanimity would have made a conviction improper, it did not necessarily require an acquittal. A mistrial might have been proper. The charge given for the State asserts no more in effect.

:   Affirmed.