# Gordon *v.* The State·

## *Murder.*

(Decided June 14, 1906.   41 So. Rep. 847.)

1. *Witness; Children; Competency.*—Although a child twelve years of age testified that she did not understand the question, wheth-er she knew the nature of a judicial oath, yet, by other an-swers showed sufficient knowledge of the obligation of an oath, she was properly allowed to testify.

[Gordon v. The State.]

2. *Homicide; Instructions.*—In a prosecution for homicide where the only defense was a denial of the killing and the evidence made the offense murder or nothing, a charge that if the jury had a reasonable doubt as to whether the killing was done deliberately or premeditatedly, they could not find the defendant guilty of murder in the first degree, and if they had a reasonable doubt as to whether it was done in malice, then they could not find the defendant guilty of murder in either degree, but only of manslaughter, was properly refused.

3. *Criminal Law; Plea of Insanity; Time.*—A plea of insanity not interposed at the time of arraignment and not offered until after the jury had been empanelled, when not accompanied by a statement concerning the proof expected to be offered in support of it, may be properly stricken by the trial court without an abuse of discretion, although it is made to appear that at the time of arraignment defendant's attorneys were strangers to him and had no means of ascertaining that such plea should be filed.

4. *Same; Affirmative Charge; Denial.*—It is always proper to refuse to defendant the general charge where there is evidence sufficient to warrant a conviction.

5. *Same; Instruction; Circumstantial Evidence.*—The evidence not being entirely circumstantial, an instruction was properly refused which asserted that in order to warrant a conviction on circumstantial evidence, the circumstances must be so multiplied as to increase the probability of defendant's guilt to a definite extent beyond the reach of mere calculation.

6. *Same.*—An instruction that unless the jury, after carefully weighing all the evidence, cannot feel an abiding conviction of defendant's guilt, they must acquit, was properly refused.

7. *Same; Reasonable Doubt.*—An instruction requiring an acquittal unless the jury believed beyond "all doubt" that the defendant was guilty requires a too high degree of proof, and is properly refused.

8. *Same; Weight of Evidence.*—A charge which asserts that defendant's guilt must be made out by evidence of a conclusive nature and tendency, and must exclude any reasonable supposition of his innocence, is misleading as tending to require a belief on the part of the jury that the evidence of guilt must be conclusive. (Tyson and Simpson, JJ., dissent.)

9. *Same; Charges Argumentative.*—Charges which are mere arguments are always properly refused.

10. *Same; Instruction; Reasonable Doubt.*—A charge which asserts that if the evidence did not establish the truth of the charge to a moral certainty and beyond a reasonable doubt, that is, to a

certainty that convinced and directed the jury's understanding and satisfied their reason and judgment, they must acquit, required a too high degree of proof.

11.   *Same; Presumption of Innocence.*—Presumption of innocence being a conclusion of law, having no relation to the condition of mind produced by proof, an instruction was properly refused wh.c1 asserted that, if after examining and weighing all of the evidence carefully a presumption of innocence in favor of accused was left in the minds of the jury, they should acquit defendant.

12.   *Same; Circumstantial Evidence.*—A charge asserting that circumstantial evidence is wholly inferior in cogency, force and effect to direct evidence, is properly refused.

13.   *Same.*—An instruction is misleading and properly refused which asserts that the evidence in the case should be almost as clear and convincing as direct evidence, in order to justify a conviction, where there was direct evidence in the case.

14.   *Same; Witnesses; Weight of Testimony.*—A charge asserting that the jury should be very cautious and careful in weighing the testimony of a named witness is invasive of the province of the jury and properly refused.

15.   *Same; Instruction; Ignoring Evidence; Degrees of Homicide.*— Where the evidence in the case would justify a conviction of murder in the first degree, a charge asserting that the defendant could be convicted of no higher degree than murder in the second degree was properly refused.

APPEAL from Macon Circuit Court.

Heard before HON. H. P. MERRITT, Special Judge.

The indictment in this case charges defendant with killing Frank Fort by striking him with an instrument to the grand jury unknown, and the second count charges the killing by means unknown to the grand jury. The indictment was preferred by Hon. S. L. Brewer, who was solicitor of the circuit, and the cause was called for trial after his election as judge of the circuit, and H. P. Merritt was agreed upon as special judge to try the cause. The facts necessary to an understanding of the opinion sufficiently appear therein. The evidence tended to show that the defendant killed a baby, Frank Fort by name, by picking it up off the bed by one leg and throwing it violently to the floor, breaking and crushing a leg, arm, ribs, and head.

[Gordon v. The State.]

At the conclusion of the evidence the defendant requested the following written charges, which were refused: (1) General affirmative charge. (4) "To warrant the jury in convicting this defendant upon circumstantial evidence, the circumstances must be so multiplied as to increase the probability of his guilt to an indefinite extent beyond the reach of mere calculation. The evidence must convince the jury of defendant's guilt beyond a reasonable doubt." (6) If upon the whole evidence the guilt of the defendant is not established to a mortal certainty, the jury must find the defendant not guilty." (9) "I charge you, gentlemen, that unless after carefully weighing all the evidence, you cannot feel an abiding conviction of the defendant's guilt, you must find defendant not guilty." (14) "I charge you, gentlemen, that unless the evidence convinces you beyond all doubt to a moral certainty, and is strong and cogent, you must acquit the defendant." (15 "I charge you that the defendant's guilt must be made out by evidence of a conclusive nature and tendency, and must exclude any reasonable supposition of his innocence." (18) "I charge you, gentlemen, that if you have a reasonable doubt as to whether the killing was done deliberately or premeditatedly, then you cannot find the defendant guilty of murder in the first degree; and if you have a reasonable doubt as to whether the killing was done in malice, then you cannot find the defendant guilty of murder in either degree, but only of manslaughter at most; and if, after considering all the evidence, you have a reasonable doubt as to defendant's guilt of manslaughter arising out of all the evidence, then you should find the defendant guilty of no offense." (19) "I charge you, gentlemen, that you cannot convict the defendant on circumstantial evidence, when it is inconsistent with any reasonable theory of innocence, unless you are so convinced by it that each of you would be willing to act on the decision in matters of the highest importance to yourselves. (20) "If you do not find that the evidence in this case establishes the truth of the charge in the indictment beyond a reasonable doubt and to a moral certainty, a certainty that convinces and directs your understanding

and satisfies your reason and judgment, you must acquit the defendant." (21) "If, after examining and weighing carefully all the evidence, there is left in your minds a presumption of innocence in favor of the accused, you must find the defendant not guilty." (22) "I charge you, gentlemen, that circumstantial evidence is wholly inferior in cogency, force, and effect to direct evidence, and that you must feel, after examining and weighing all the evidence, an abiding conviction of the guilt of the defendant; otherwise, you must acquit him." (A) "I charge you, gentlemen, that you must be very cautious and careful in the weight and credence you give to the testimony of the child Susie Fort." (C) "I charge you, gentlemen, that under the evidence the highest degree of murder you can find against the defendant is murder in the second degree." (D) "I charge you, gentlemen, that the evidence in this case should be almost as clear and convincing as direct evidence, or you must acquit the defendant."

WILLIAM P. COBB, for appellant.—The child Susie Fort was incompetent as a witness.—*McKelton v. State*, 88 Ala. 181.

Charge 9 should have been given.—*Owen v. State*, 52 Ala. 400; *Mose v. State*, 36 Ala. 211; *Coleman v. State*, 59 Ala. 52; *Tatum v. State*, 63 Ala. 152; *Commonwealth v. Webster*, 5 Cush. 320.

Charge 15 should have been given.—*Bones v. State*, 117 Ala. 138; and authorities supra.

Charge 18 should have been given.—*Adams v. State*, 133 Ala. 166; *Thompson v. State*, 110 Ala. 34; *Stoneking v. State*, 118 Ala. 70.

The refusal of the court to give charge 19 was error.—*Burton v. State*, 107 Ala. 109; *Pickens v. State*, 115 Ala. 142. Charge 20 states a correct proposition of law.—*Commonwealth v. Webster*, supra.

Charge 21 should have been given.—*Bryant v. State*, 116 Ala. 145.

MASSEY WILSON, Attorney General, for State.—It was within the irrevisable discretion of the court to refuse

[Gordon v. The State.]

to allow the filing of the plea of insanity.—§ 4939, code 1896; *Morrell v. State,* 136 Ala. 44.

The witness Fort was entirely competent.—*Kelly v. State,* 75 Ala. 21; *Walker v. State,* 134 Ala. 86. Charge four is confusing. Charge 6 uses the word "gult," and its refusal on that account was without error.—*McWhorter v. Bluthenthal,* 136 Ala. 568; *Little v. State,* 89 Ala. 99; *Smith v. State,* 141 Ala. 59; *Banks v. State,* 39 So. Rep. 921. Charge 9 was properly refused.—*Adams v. State,* 115 Ala. 90. Charge 15 was bad.—*Griffith v. State,* 90 Ala. 588; *Welch v. State,* 96 Ala. 92.

SIMPSON, J.—The defendant in this case was convicted of the crime of murder in the first degree and the punishment fixed at death.

The first insistence of the defendant is that the court erred in striking from the files, on motion of the solicitor, the defendant's plea of "not guilty, by reason of insanity." It appears that when the defendant was arraigned he had no attorney, and the court appointed two members of the bar to defend him, and the plea of "not guilty' was interposed . When the day for trial arrived, after the jury had been empaneled, the indictment read, and the defendant pleaded, "as he had pleaded before, not guilty," counsel for the defendant asked leave of the court to file the special plea of "not guilty, by reason of insanity,' 'and the court refused to allow the same. This is the statement in the record, but in the bill of exceptions it is stated that, "after the indictment was read to the jury, the defendant's counsel asked leave to file said plea, which plea was duly filed as shown by the record in this case," and that the solicitor then filed a motion (which is set out) to strike said plea from the file, the grounds being, first, "because said special plea was not filed at the time of arraignment of defendant," and, second, "because said special plea was not filed until the special jury was sworn and impaneled and the indictment had been read to the jury," which motion was sustained. The only statement made to the court by the attorneys for the defendant was that at the time of the arraignment the attorneys were entire strangers to the de-

[Gordon v. The State.]

fendant and had no means of ascertaining that said special plea should be interposed. Nothing was said about whether anything could be proved along that line. The statute requires this plea to be filed at the time of arraignment. We cannot say that in this case there was such an abuse of the discretion which rested in the court to allow such a plea at a subsequent stage of the action as to call for a reversal.—Code 1896, § 4939; *Morrell v. State*, 136 Ala. 44, 34 South. 208.

The court properly allowed the witness Susie Fort to testify. She was 12 years old, and showed sufficient knowledge of the obligation of an oath to testify. This she showed by her other answers, notwithstanding she did not understand the question when put in the shape of asking her if she "knew the nature of a judicial oath.

As to her being young when the occurrence took place, and as to the memory of them, these were matters which went merely to the weight of her testimony.—*Kelly v. State*, 75 Ala. 21, 51 Am. Rep. 422; *Walker v. State*, 134 Ala. 86, 32 South. 703.

There was no error in the refusal to give charge 1 (the general charge) on request of the defendant, as there was evidence sufficient to warrant a verdict of guilty.

As to the refusal to give charge 4, it is sufficient to justify the refusal that the evidence in this case was not entirely circumstantial, and the charge was misleading.

Without noticing the elliptical nature of charge 6, requested by the defendant, it was substantially covered by charges 5, 7, 10 1-2 and 11, given on request of defendant.

There was no error in the refusal to give charge 9, requested by the defendant. The charge expresses the opposite of what was doubtless intended. Of course, it cannot be said that unless the jury cannot feel an abiding conviction, they should find the defendant not guilty. That would be predicating a conviction on the jury not having the abiding conviction of guilt. The "unless" should have been "if," or the "not" left out.

Charge 14, requested by the defendant, was properly refused, as it uses the expression "all doubt" in place of "a reasonable doubt."

Charge 15 was calculated to mislead the jury to believe that the evidence of his guilt had to be conclusive, and this would exact too high a degree of proof.—*Griffith v. State*, 90 Ala. 583, 8 South. 812; *Bones v. State*, 117 Ala. 138, 23 South. 138.

Charge 18, besides being elliptical, was properly refused, as the killing in this case was either murder or nothing; the only defense being a denial that the defendant killed the child.—*Hunt v. State*, 135 Ala. 1, 8, 9, 33 South. 320.

Charge 19 was properly refused.—*Rogers v. State*, 117 Ala. 9, 13, 15, 22 South. 666; *Amos v. State*, 123 Ala. 50, 54, 26 South. 524; *Nevill v. State*, 133 Ala. 99, 105, 32 South. 596.

Charge 20 was properly refused. This charge is in accordance with the views expressed by the Massachusetts Supreme Court, in explaining the nature of a reasonable doubt; but under our decisions it requires too high a degree of proof.—*Commonwealth v. Webster*, 5 Cush. (Mass.) 295, 320, 52 Am. Dec. 711; *Griffith v. State*, 90 Ala. 583, 588, 8 South. 812.

Charge 21 was properly refused. A presumption is a conclusion drawn by the law, and has no relation to the condition of mind produced by proof.—23 Am. & Eng. Ency. Law, p. 967.

Charge 22 was properly refused. It is not the law that circumstantial evidence "is wholly inferior in cogency, force, and effect to direct evidence."—*Mickle v. State*, 27 Ala. 20; *Faulk v. State*, 52 Ala. 415; *Bland v. State*, 75 Ala. 574; *Thornton v. State*, 113 Ala. 43, 21 South. 356 59 Am. St. Rep. 97.

Charge D was also properly refused, as there is no authority for drawing such distinctions between circumstantial and direct evidence. Besides, it was misleading, as as there was direct evidence in this case. Authorities supra.

Charge A was properly refused. The court was not called upon to make such an invidious distinction as to this witness. It was for the jury to say what weight her testimony was entitled for.

Charge C was properly refused. There was evidence

which justified the jury in finding the defendant guilty of murder in the first degree.

The judgment of the court is affirmed.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.

### ON REHEARING.

PER CURIAM. On rehearing Justices TYSON and SIMPSON are of opinion that charge 15, requested by the defendant, should have been given; but the majority of the court adhere to the original opinion, on the ground that the jury may have been "misled by it into an erroneous conclusion."—*Bay Shore R. R. v. Harris,* 67 Ala. 6, 9; *Gilmore v. State,* 99 Ala. 154, 157, 160, 13 South. 536; *Adams v. State,* 115 Ala. 90, 91, 22 South. 612, 67 Am. St. Rep. 17; *Bodine v. State,* 129 Ala. 107, 112, 29 South. 296.

Motion for rehearing overruled.

WEAKLEY, C. J., and HARALSON, DOWDELL, ANDERSON, and DENSON, JJ., concur. TYSON and SIMPSON, JJ., dissent.