# Strickland *v.* The State.

## *Murder.*

(Decided May 16, 1907. 44 South. 90.)

1. *Criminal Law; Appeal; Record; Appointment of Attorney.*— Where it appears from the record in a criminal case, that, upon his arraignment, defendant appeared in his own proper person and by attorney, his conviction will not be reversed because no counsel had been appointed to defend him until after he had been arraigned and pleaded to the indictment, although the bill of exceptions state that counsel was not appointed to defend him until after the arraignment.

[Strickland v. The State.]

2. *Jury; Qualification; Examination.*—In selecting a juror to try a capital case he may be asked on his voir dire if he would hang upon circumstantial evidence.

3. *Same; Competency; Opinion.*—Where a juror stated on his voir dire that he had an opinion which might bias his verdict, but that he could try the case and render a verdict according to the evidence, he was qualified.

4. *Criminal Law; Appeal; Admission of Evidence; Prejudice.*— Where it appeared that the person killed was an officer, who was attempting to make an arrest when killed, and it was admitted that gaming was going on in the house where the killing occurred, and that the officer went there to apprehend those engaged in the game, it was not prejudicial error to ask whether a complaint had been made that gaming was going on in the house, and that the woman who reported it stated that her husband was one of the players.

5. *Same; Evidence; Materiality.*—It was immaterial whether the witness arrested a negro named W. or not, and such evidence was properly disallowed.

6. *Homicide; Evidence; Incriminating Circumstance.*—Where the evidence tended to show that at the time of the shooting deceased was attempting to put handcuffs on S., it was proper to show that the handcuffs which belonged to deceased was found in defendant's possession.

7. *Criminal Law; Confession.*—A witness is entitled to state what he said to defendant when he arrested him, for the purpose of showing whether any threats or inducements to defendant to induce him to make any statement in the nature of a confession were made or offered.

8. *Witnesses; Examination; Form of Question.*—A question "Is it not a fact that there is always a crowd of them there?" is too indefinite as to the place inquired about and as to whom the word, "them" referred.

9. *Trial; Admission of Evidence; Curing Error.*—Where a question is afterwards asked and answered, the error in sustaining an objection to it is cured.

10. *Homicide; Evidence; Incriminating Circumstances.*—Where certain handcuffs found in defendant's possession were claimed to have been owned by decedent and in his possession at the time he was killed, it was competent to prove the ownership of the handcuffs as a circumstance tending to connect defendant with the killing.

11. *Homicide; Evidence; Materiality.*—Upon the trial of one for homicide, it is immaterial that there were two others in jail charged with the same offense.

12. *Same; Relevancy.*—Objection was properly sustained to a question "Did that man allow you to gamble at his hop-jack?" as being irrelevant.

13. *Trial; Exclusion of Witnesses; Rule.*—Whether a witness who had heard the testimony of other witnesses, who were under the rule, shall be permitted to testify, is within the discretion of the trial court and not reviewable unless abused.

14. *Witnesses; Contradictory Statements; Predicate.*—Where no predicate had been laid, contradictory statements alleged to have

[Strickland v. The State.]

been made by witness are not admissible for the purposes of impeachment.

15. *Homicide; Killing Officer; Instructions.*—On a charge for killing an officer while attempting to make an arrest, an instruction which leaves it to the jury to determine the proper manner of making an arrest and which fails to hypothesize a knowledge on defendant's part of the official character of deceased, is erroneous.

16. *Criminal Law; Instructions; Circumstantial Evidence.*—A charge asserting that circumstantial evidence to convict should exclude every other hypothesis except guilt, is erroneous for failing to hypothesize "reasonable hypothesis."

17. *Same; Presumption of Innocence.*—A charge asserting that presumption of innocence goes with defendant throughout the trial, is an incorrect statement of the law, as such presumption terminates when the evidence has reached the point that convinces the jury beyond a reasonable doubt of defendant's guilt.

18. *Same; Argumentative Instructions.*—Charges asserting that the law is as much vindicated by the acquittal of an innocent person as by the conviction of a guilty one; that the jury must receive defendant's alleged confession with great caution, and that all confessions were prima facie involuntary and must be cautiously received and considered; and that the jury should consider with great care the testimony of a witness who was interested, or who may be swearing to shield himself from prosecution, are argumentative and properly refused.

19. *Same; Question for Court and Jury; Accomplice.*—A charge asserting that no man can be convicted of a felony on the uncorroborated testimony of an accomplice and if H. and W. were each an accomplice, the jury could not find defendant guilty, submitted to the jury the question as to what was, in law, an accomplice, and was properly refused.

20. *Same; Applicability to Evidence.*—Unless a charge is applicable to the evidence adduced on the trial it is abstract and properly refused.

21. *Homicide; Degree; Instruction.*—Premeditation not being an . element of murder in the second degree, a charge asserting that if defendant did not act with premeditation in the alleged shooting, he would not be guilty of murder, is properly refused.

22. *Criminal Law; Instruction; Province of Jury.*—A charge asserting that under all the evidence the character of a certain witness had been impeached is invasive of the province of the jury.

23. *Trial; Instruction; Form.*—A charge asserting that "if decedent fired the first shot and defendant, under sudden passion engendered by said shot, he would not be guilty of murder as charged," is elliptical and properly refused.

APPEAL from Jefferson Criminal Court.

Heard before Hon. D. A. GREENE.

Ed. Strickland was convicted of murder, and he appeals. Reversed and remanded.

3 R

The defendant was indicted for killing one Abernathy by shooting him with a pistol. The facts on which the case was tried, as developed by the state's testimony, were that complaint was made to some of the officers that gambling was going on at a certain house, and they were asked to put a stop to it. Abernathy was a deputy sheriff, and went with several other officers to the house where the shooting occurred. Abernathy entered the door, and as he did so a fusilade of shots were fired; he receiving two mortal wounds, one made by a 45-caliber bullet, and the other by a smaller bullet. He also received two other wounds not necessarily fatal. From the two wounds first mentioned he died in about ten minutes. The basis of the motion in arrest of judgment is sufficiently stated in the opinion. When the witness Crawford was being examined on his voir dire, he stated that he had an opinion that might bias his verdict, but that he could try the case and render verdict in accordance with the evidence. The defendant asked to challenge him for cause, the court declined the request, and the defendant excepted, and then challenged the juror peremptorily.

The evidence tended to show that the defendant had in his possession a pair of handcuffs, which some of the witnesses identified as closely resembling those of the deceased, and that when deceased was shot he was attempting or had placed these handcuffs on one Scott. He was asked by the deputy who arrested him where he got the handcuffs, and stated that he had cut them off of Scott. The evidence also tended to show that, when these questions were asked and answers made, the defendant had not been made aware of the charge on which he was arrested. Among his other replies, the defendant stated that the handcuffs belonged to the deputy who was shot at Littleton. Witness Helton then asked

[Strickland v. The State.]

who was present during this conversation, and replied that he and the negro were present, and if anybody else was there he did not know it, and was then asked by the defendant if there was not always a crowd of people there, to which objection was sustained. Mrs. Abernathy, the wife of deceased, was present in the courtroom during the trial, while the other witnesses were under the rule, and on being called to testify by the state as to the identity of the handcuffs the defendant objected, but the court permitted her to testify. The other objections to evidence are sufficiently stated in the opinion.

In his oral charge the court, among other things, said: "I charge you, gentlemen of the jury, that, if the defendant killed Abernathy while resisting lawful arrest being made in the proper manner, he would be guilty of murder." The defendant reserved an exception to this part of the charge.

The following charges were requested by the defendant, and refused: "(A) The court charges the jury that, in order to convict the defendant upon the evidence of circumstances, it is necessary, not only that all the circumstances concur to show that the defendant committed the crime charged, but that they are inconsistent with any other rational conclusion. It is not sufficient that the circumstances proved coincide with, and therefore render probable, the hypothesis sought to be established by the prosecution; but they must exclude to a moral certainty every other hypothesis but the single one of guilt, or the jury must find the defendant not guilty.

"(B) The court charges the jury that the law presumes the defendant to be innocent of the commission of any crime, and this presumption continues to go in his favor throughout the trial, step by step; and you cannot find the defendant guilty of a crime within the in-

dictment until the evidence in the case satisfies you beyond all reasonable doubt of his guilt, and so long as you, or any of you, have a reasonable doubt as to the existence of any of the elements necessary to constitute the crime or crimes within the indictment, you should find the defendant not guilty.

"(C) The law is as much vindicated by the acquittal of an innocent person as by the conviction of a guilty one.

"(D) The law is that no man can be convicted of a felony on the uncorroborated testimony of an accomplice; and, if the jury believe from the evidence that Jim Hill and Columbus Ward were each an accomplice, the jury cannot find the defendant guilty.

"(E) There is no evidence that defendant aided or abetted in causing the death of Mr. Abernathy.

"(F) The court charges you that you must receive alleged confession with great caution.

"(G) If the defendant did not act with premeditation in the alleged shooting, he would not have been guilty of murder.

"(H) All confessions are prima facie involuntary, and must be received and considered with great caution.

"(I) The jury should consider with great care the testimony of a witness who is interested, or who may be swearing to shield himself from prosecution.

"(J) If the jury believe the evidence, they cannot find the defendant guilty.

"(K) The court charges the jury that under all the evidence in this case the character of Columbus Ward has been impeached.

"(L) The court charges the jury that under all the evidence the deceased was guilty of an unlawful arrest, or an attempt at an arrest.

"(M) If the jury believe from the evidence that the

[Strickland v. The State.]

deceased fired the first shot and that the defendant un-
der a sudden passion engendered by said shot, he would
not be guilty of murder as charged in the indictment."

The record shows a motion in arrest of judgment on
many grounds with reference to the drawing and im-
paneling of the grand jury that found the indictment,
and of the drawing, service, and impaneling of the petit
jurors for the trial of the cause, of the manner of ar-
raignment and the appointment of counsel, the latter
part of which seems to have been insisted upon. The
insistence is sufficiently stated in the opinion. Excep-
tion was reserved to overruling of this motion.

The defendant was convicted and sentenced to death.


B. L. CHAPPELL, and B. M. ALLEN, for appellant.—
No brief came to the Reporter.


ALEXANDER M. GARBER, Attorney General, for the
State.—The juror, Crawford, was qualified.—*Jarves v.
The State,* 138 Ala. 17. It was proper to show that
complaint had been made to the officer of gambling go-
ing on in the house where the killing occurred.—*Wil-
liams v. The State,* 41 South. 992; *Dryer v. The State,*
139 Ala. 117; *Floyd v. The State,* 82 Ala. 16. The fact
that the handcuff belonged to the deceased and were
found in possession of defendant on the day after the
murder, was properly admitted.—*Ross v. The State,* 82
Ala. 65; *Malichi v. The State,* 89 Ala. 134; *McCormack
v. The State,* 14 Ala. 75. The action of the court in per-
mitting the witness excused from the rule to testify was
within the discretion of the court.—*Hall v. The State,*
137 Ala. 44. Charge 21 was proper.—*Floyd v. The
State,* 82 Ala. 16; *Williams v. The State, supra.* The
other charges were asked in bulk, and among them was
the general affirmative charge, hence, all were properly

refused.—*Verberg v. The State,* 137 Ala. 73; *Jones v. The State,* 43 South. 179.

SIMPSON, J.—The appellant was convicted of the crime of murder in the first degree. A motion in arrest of judgment was made, assigning as one of the errors that no counsel had been appointed to defend the defendant, until after he had been arraigned and had pleaded to the indictment; and counsel in argument insist earnestly on this point. We find from an inspection of the record that, not only does it fail to disclose the fact that said defendant was not able to employ counsel, but it does state that, when the defendant was first arraigned, he appeared "in his own proper person and by attorney." While the bill of exceptions does state that B. L. Chappell, Esq., was appointed to defend after the arraignment, yet the record cannot be contradicted in this way.

While organizing the jury for the trial of the case, the court, at the request of the state, asked Keeler, who had been summoned as a juror, "Would you hang on circumstantial evidence?" to which question the defendant objected, and the objection was overruled. There was no error in this. In this case the question of the punishment was to be determined by the jury, as well as that of guilt or innocence. Hence it was proper to inquire whether he would be willing to inflict the extreme penalty of the law on circumstantial evidence.

The objection by the defendant to the juror Crawford was properly overruled.—*Jarvis v. State,* 138 Ala. 17, head note 1, 34 South. 1025.

The questions to the witness Brent as to whether a complaint had been made that gaming was going on in the house, and as to the woman who reported it, stating that her husband was in it, whether strictly relevant or

not, could not work any injury to the defendant, as there was no controversy about the facts that gaming was going on there, and that the officer went there to apprehend those who were gaming.

There was no error in sustaining the objection of the state to the question to the witness Brent, "You arrested a negro named Columbus Ward?" as that was immaterial to any issue in the case.

In view of the fact that there was evidence tending to show that at the time of the shooting the deceased was attempting to put handcuffs on one Scott, and that the handcuffs referred to were those belonging to the deceased, it was proper to allow the witness Helton to state whether or not he found any handcuffs in the possession of the defendant.

There was no error in allowing said witness Helton to state what he said to defendant when he arrested him, as all that was said was material, to show whether any threats or inducements were offered to induce the defendant to make any statement in the nature of a confession.

There was no error in sustaining the objection of the state to the question to witness Helton, "Is it not a fact that there is always a crowd of them there?" The question does not indicate what place he was inquiring about, nor to whom the word "them" referred, and, in addition, was irrelevant.

If there was error in sustaining the objections of the state to the question to the witness Helton, "Did not know they were Abernathy's cuffs?" it was cured by the fact that the question was afterwards asked and answered. It was proper to allow the state to ask questions as to the ownership of the cuffs, as a circumstance to go to the jury, in determining whether the defendant was the man who shot at the time the cuffs were taken.

It was immaterial to any issue in the case whether "Hill" and "Ward" were in jail, charged with the same offense.

From what has been said, it is evident that the questions to the witness Ralls and others in regard to the handcuffs were proper, as was also the exhibition of the handcuffs themselves. While the identification may not have been complete, yet there was sufficient evidence to go to the jury.

There was no error in sustaining the objection by the state to the question to the witness Hill, "Did that man allow you to game at his hop jack?" as it was irrelevant.

The permitting of Mrs. Abernathy to testify, after having been in the courtroom during the trial, was a matter within the discretion of the court.—*Hall v. State*, 137 Ala. 44, 34 South. 680.

The objections to questions by the defendant as to whether the defendant owned a pistol, and whether he had one when he left home, were properly sustained.

The question to the witness Blair, by defendant, as to contradictory statements by Jim Hill and Columbus Ward, was properly excluded until a predicate could be laid.

The oral charge, given by the court, was faulty in leaving to the jury to determine the question of law as to what is a proper manner for making the arrest, and also because it did not hypothesize a knowledge on the part of the defendant, of the official character of the party making the arrest.—*James v. State*, 79 Ala. 23, 25.

The charges asked by the defendant were properly refused. Charge A is faulty, in requiring the evidence to exclude "every other hypothesis," in place of "reasonable hypothesis." Charge B is faulty in stating that the

[Bluett v. The State.]

presumption of innocence goes with the defendant "throughout the trial." Such presumption does not continue after the evidence convinces the jury beyond a reasonable doubt of his guilt.—*Waters v. State,* 117 Ala. 108, 22 South. 490; *Williams' Case,* 144 Ala. 14, 40 South. 405. Charge D leaves it to the jury to determine the question of law as to what is an accomplice. Charge E is not warranted by the evidence. Charge F is argumentative. Charge G is incorrect, as the defendant may have been guilty of murder in the second degree without premeditation. Charge H is argumentative.— *Gordon v. State,* 147 Ala. 42, 41 South. 847. Charge I is argumentative. Charge J is not warranted by the evidence. Charge K usurps the province of the jury. Charge L is not warranted by the evidence. Charge M is elliptical.

The judgment of the court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.