283 So.2d 614

**Eddie FORD, Jr.**

**v.**

**STATE.**

**4 Div. 227.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

———◆———

W. R. Belcher, Phenix City, for appellant.

William J. Baxley, Atty. Gen., and John D. Whetstone, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Murder in the second degree: sentence one hundred twenty-five years imprisonment.

The State's evidence tended to show that on the night of January 10, 1973, defendant Eddie Ford, Jr., drove from Columbus, Georgia, with three companions to Hurtsboro.

In Hurtsboro, the group broke and entered an establishment called Goldstein's, and returned with their booty to Columbus, Georgia. After unloading the goods from the car and storing them in a motel room, the group decided to return to Hurtsboro.

During the second trip, Officer Algie Long of the Hurtsboro Police sought to apprehend the burglars by stepping into an alley adjacent to their work site. Long fired his pistol in the air, and called "Halt!". Defendant Ford stopped in his tracks, but Louis Russell and Earnest Lee Berry escaped. The fourth member, one Jones, was away from the scene with the getaway car.

Long marched Ford down the main street to the City Hall. Apparently, he did not frisk Ford for weapons; there was some evidence that the two men were acquainted. Inside the building, Long turned his back on Ford to unlock a door. Ford then shot and killed Long and Robert Threat, a trusty who happened to be in the building. After taking Long's pistol, Ford escaped in the Hurtsboro police car, and drove it to Columbus and went to sleep. He was arrested the next day.

Russell and Berry began walking along the road to Columbus after their escape from Long. They saw Jones pass in their getaway car and later saw the Hurtsboro police car pass by. (R. 247) They next saw Eddie Ford in room 83 at the Motel 6 the next morning, January 11. When Ford was asked how he escaped from the police, he made the statement, "I croaked them. I croaked them both." Ford was then in possession of three weapons, and made the statement that one weapon was his and two were police weapons.

The only issues presented on appeal are rulings of the trial judge refusing certain written charges.

This case was tried well. There were very few objections, and the record is free from error. Evidence of the defendant's guilt was overwhelming. The record is unusually long and drawn out due to the large number of witnesses and the introduction of approximately fifty exhibits. The essential facts of the crime came from the testimony of John L. Smythe, an FBI agent and Ford's accomplices, Berry, Russell, and Jones.

The defendant testified that on the second trip he was not caught by Long. Rather he claimed he was being framed to cover up a killing done by Jones.

■ Appellant first complains of the refusal of the trial judge to give the general affirmative charge. There was no error in the refusal because the evidence was in

sharp conflict due to the defendant's taking the stand and accusing Carl Jones of the deed.

Refused charges 5 and 6 were covered by the oral charge. (R. 423)

■ The oral charge fully covered the subject of reasonable doubt (R. 414–15) and the given requested charges (R. 432–33) further supplemented the coverage. The refusal of charges 15, 17 and 18 was not error. These were variations of reasonable doubt and the probability of innocence.

The guilt of the defendant in this case did not depend upon the testimony of a single witness. There was no error in refusing charge 19. Chastain v. State, 36 Ala.App. 186, 54 So.2d 623.

■ Charges 20, 21 and 22 are identical except for the individual named therein. Each of these charges would have posited acquittal on disbelief of a different named accomplice. Since there was a confession to the FBI agent, the three accomplices were not the sole source of the State's case. Charges 20, 21 and 22 were abstract. Refused charges 23 and 24 also are abstract under the evidence in this record.

■ Error is further alleged in the action of the trial court charging the jury as to the elements of second degree murder. Title 14, § 317, has been interpreted as imposing a duty on the trial court to charge a jury as to the elements of each degree of murder. Howard v. State, 41 Ala.App. 360, 132 So.2d 384. Furthermore, defense counsel announced themselves to be satisfied with the oral charge. Hence, there was no reservation of a point to be ruled on by this court. Code 1940, T. 7, § 273.

The judgment is due to be

Affirmed.

All the Judges concur.