*1135 AFTER REMANDMENT FROM SUPREME COURT OF ALABAMA
LEIGH M. CLARK, Supernumerary Circuit Judge.
It having been determined by the Supreme Court that defendant-appellant legally declined to be treated as a youthful offender, we must now decide pertinent questions relative to his trial and conviction.
Appellant does not contend, and we think it cannot be reasonably contended, that the evidence in the case was insufficient to sustain the verdict of the jury. We are fully aware of the weakness of it, and if it were our province to determine whether he was guilty, we could not do so with the confidence we would like to have in reaching an important decision, such as the one involved.
According to State’s witness, Synetta Bry, whose testimony constituted the only evidence against defendant, she was working on January 9, 1975, as manager of the Little General Store. She had received five days’ training at another store. On that afternoon appellant and another youth were at the store and one of them, not appellant, questioned her as to what she would do in the event of a robbery. At 10:57 that night appellant, wearing a stocking mask, robbed her. She was taken by appellant’s home after the robbery and identified him as the robber. She said that the afternoon he was in the store she noticed a scar on his chin. This distinguishing mark was called to the attention of the Police Department, which promptly responded to a call from her. In describing the robber, she particularized the scar and further stated that he “was an unknown white male, approximately fifteen or sixteen years old, he had dark blond hair with a scar on the side of his face, left side of his face,” and “had on a red and white striped shirt with black pants.” A Mr. Hartley and his son, testifying on behalf of defendant, said that they saw a boy, dressed like the description of the robber, run from the store, dart in between some houses and otherwise act suspicious. This occurred within a few moments after the robbery. They identified the boy as a neighbor and as a neighbor of defendant-appellant.
Grady Goram testified that appellant was at his home from 4:40 P.M. until about 6:00 P.M. on January 9 and that during that time appellant did not visit the Little General Store.
Appellant’s mother and sister testified that he was at home watching television with them at the time the victim said she was robbed.
Appellant testified he was at home at the time of the robbery, that neither he nor any of his brothers had any shirt of the kind described by the victim. He further said that he did not own any kind of pistol, the victim having testified that he had a pistol at the time of the robbery; he said he was not at the store at 5:00 P.M. or at the time of the robbery; and he positively denied any knowledge of or participation in the robbery.
Appellant urges that the trial court committed error in sustaining an objection of the State to a question asked the defendant relative to the “alleged Complainant’s prior occasion and ability to have seen the Appellant before the fact of the alleged *1136 robbery.” The victim of the robbery had testified that she had previously worked for the American National Bank at Crichton. The following occurred during the interrogation of defendant by his counsel:
“A All right; now, you heard the lady testify that she had worked at the American National Bank?
“A Yes, sir.
“Q Do you know where the American National Bank is located?
“A Yes, sir.
“Q I will ask you whether or not you have over the past several years had an occasion to visit the American National Bank?
“A Yes, sir.
“Q What would be your occasion for visiting there?
“MR. HUGHES: Your Honor, I am going to object to whether he visits the American National Bank. That is irrelevant.
“THE COURT: Sustained.
“MR. BRUTKIEWICZ: She said she worked there, Judge. It shows the prior knowledge of the individual.
“MR. HUGHES: Your Honor, she never said she knew him prior. There has been no evidence that she knew him prior except to that one afternoon at 5:00 o’clock that she knew him.
“MR. BRUTKIEWICZ: We have got a right to show that she may have seen him prior to that, Judge. It is an important part of identity .
“THE COURT: That she may have seen him?
“MR. BRUTKIEWICZ: Yes, sir.
“THE COURT: I don’t think the question goes to that point. I would sustain the objection.
' “MR. BRUTKIEWICZ: It is a question for identity.
“THE COURT: I don’t think the question goes to the point you just stated to the Court.
“MR. BRUTKIEWICZ: All right; I ask you whether or not you have — you heard the lady testify that she worked at the American National Bank in Crichton?
“A Yes, sir.
“Q I will ask you whether or not over the past several years whether or not if you have been a regular customer at that American National Bank?
“A Yes, sir.
“Q What would be — what nature of business did you have there, Son?
“A I used to take my boss man’s money up there and deposit it for him from Mack’s Drive-In.
“Q All right; now, do you go to school, Son?
“A Yes, sir.
“Q What grade are you in?
“A Eleventh.
“Q All right; in addition to going to school, do you work in the afternoons?
“A Yes, sir.
“Q How long have you worked in the afternoons?
“A I worked — when I was fourteen and fifteen I worked—
“MR. HUGHES: Your Honor, I am going to object to all of this, where he worked when he was fourteen and fifteen. That is not—
“THE COURT: What are your grounds?
“MR. HUGHES: That is irrelevant to this case.
“THE COURT: Sustained.
“MR. BRUTKIEWICZ: All right; do you work now, Son?
“A Yes, sir.
“Q Where do you work now?
“A The same man I worked for then.
“Q All right; now, back two or three years ago, you had an occasion to go into that Bank—
“MR. HUGHES: Your Honor, I am going to object to anything that happened two or three years ago as being irrelevant.
“THE COURT: Sustained.
“MR. BRUTKIEWICZ: Now, Judge, on the question of identity — I ask you whether or not it is possible based upon the testimony of that woman—
*1137 “MR. HUGHES: Your Honor, I am going to object to anything that is possible as being conjectural and surmise on this witness’ part.
“THE COURT: Sustained.
“MR. BRUTKIEWICZ: All right; whether or not — do you know whether or not you have ever seen that woman before?
“A I don’t know. I have seen many a people.
“Q Now, you heard her testify that she worked at the American National Bank in Crichton.
“A She ain’t seen me up there before if . . .
“MR. HUGHES: Your Honor, this is repetitious, about whether she worked at the Bank. We are going over it, over and over again. He says he doesn’t know if he has ever seen her before and we are going back to the same thing about working at the Bank. It is irrelevant.
“THE COURT: Sustained.
“MR. BRUTKIEWICZ: All right; I object, Your Honor, on the basis—
“THE COURT: You want an exception, you mean?
“MR. BRUTKIEWICZ: An exception and my whole predicate is based upon the question of identity. Now, do you know where the Little General Store is in Crichton?
“A Yes, sir.”
It is difficult for us to reach a satisfactory conclusion as to what defendant’s counsel was attempting to show by the witness, or what was the basis of the State’s objection to the questions, or what was the basis for the trial court’s ruling. At any rate, we fail to see any injury to appellant resulting therefrom. It seems to us that in one way or another, at one time or another, testimony of defendant was admitted and allowed to remain showing that during the time the victim of the alleged robbery was working at the American National Bank at Crichton, defendant was a regular customer of the same bank. We do not disagree with appellant’s present contention “that the accused should be afforded wide evidentiary latitude in proving the victim’s prior occasion and ability to have seen the accused before the fact of the alleged robbery.” However, defendant was able to obtain all of such wide evidentiary latitude. There is no indication that he intended to show more or that he could show more than that defendant had been a regular customer of the bank while the victim was employed there. We find no error prejudicial to defendant in the ruling of the court.
Appellant complains of the refusal of charges 17 and 18 requested in writing by defendant. Charge 17 is a replica of charge 6 in Paul v. State, 48 Ala.App. 396, 265 So.2d 180, cert. denied, 288 Ala. 747, 265 So.2d 185, wherein it was held:
“Where, as here, the evidence is both direct and in part circumstantial, there is no error in refusing the above charges [which included charge 6] as such would tend to mislead the jury by placing undue emphasis upon the circumstantial evidence. McCoy v. State, 170 Ala. 10, 54 So. 428. Since in this case the evidence was not wholly circumstantial, the refusal of the above charges was not error. Duke v. State, 257 Ala. 339, 58 So.2d 764; Gordon v. State, 147 Ala. 42, 41 So. 847.”
Charge 18 contains a “humane provision of the law” phrase and is a substantial copy of charge 13 in Gilmore v. State, 99 Ala. 154, 13 So. 536, which the court held should have been given. However, cases before and after Gilmore are to the contrary. Shepperd v. State, 94 Ala. 102, 10 So. 663; Dennis v. State, 112 Ala. 64, 20 So. 925; Bohlman v. State, 135 Ala. 45, 33 So. 44; Whittaker v. State, 43 Ala.App. 465, 192 So.2d 472; Richardson v. State, 37 Ala.App. 194, 65 So.2d 715. To characterize a correct principle of law as humane smacks of argument, which is justified in the support or advocacy of a principle, but which is better left unsaid in a court’s charge to the jury.
We find no error in the record prejudicial to appellant. The judgment of the trial court should be affirmed.
*1138 The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All Judges concur.