Rape; sentence: life imprisonment.
The record indicates that the alleged offense occurred on December 7, 1976, a little after 1:00 p.m. at Park Manor Apartments, Birmingham, Alabama, in the office/apartment of the resident manager. The prosecutrix was the resident manager. The evidence for the State revealed that the appellant entered the prosecutrix's apartment on the pretext of filling out an application to rent an apartment. While inside the apartment, appellant forced the prosecutrix at gunpoint to submit to sexual intercourse against her will.
The prosecutrix was then dragged naked around the apartment in search of money. The appellant repeatedly threatened to blow her head off and forced her to give him what money she had in the apartment. He then told her, "you know I can't leave you to identify me." When she began begging appellant not to kill her, he gagged her and tied her hands behind her back.
The prosecutrix testified that, as the appellant was pulling her into the bathroom to kill her, a tenant began "banging" on the door of her apartment. The tenant knew something was wrong and was calling her name. The appellant then took the prosecutrix into a bedroom, shoved her face down on the floor and left. He told her he was going to get his van and return for her typewriter and television set, and if she made a sound, he would blow her head off or that of anyone else who came into the apartment. When he left, she managed to free one hand, undo the gag, and call to the tenant outside to call the police. The police arrived shortly thereafter and took the prosecutrix to the hospital.
A positive identification of the appellant was made by the prosecutrix at trial and at a police lineup. Expert testimony established that the appellant's fingerprints were on discarded application forms found in the apartment.
 I
The appellant contends that the trial court erred by refusing to give the following written requested jury charges:
 "1. The presumption of innocence is legal proof of innocence. The defendant comes into court clothed with the presumption of innocence, and that presumption of innocence remains with him throughout the case until overcome by the prosecution. If the jury decides that a material element of any crime with which this defendant is charged has not been proven beyond a reasonable doubt, the jury must acquit defendant."
 "3. If the jury can reconcile the evidence before it with any reasonable hypothesis consistent with the innocence of the defendant, it is your duty to do so and to find the defendant not guilty."
 "4. If the evidence against the defendant is equally consistent with innocence and guilt, the jury must adopt the construction in favor of innocence."
 "10. You are instructed that if the facts and circumstances established by the prosecution are susceptible to two inferences, one which points to innocence and the other to guilt, you are obligated to adopt that inference which points to innocence, even if the inference of guilt is equally impressive."
The proposition of law in refused Charge No. 1 was adequately covered in the trial court's oral charge. Title 7, § 273, Code of Ala. 1940 (§ 12-16-13, Code of Ala. 1975). The pertinent portion of the trial court's oral charge is as follows:
 "Now, he comes into this court and he did so yesterday as everyone who is charged with a criminal offense does, with a presumption that he was innocent. He was presumed to be not guilty of this offense. That is a presumption of law. It's the law of the case and it's part of the evidence in this case. It's part of the evidence, that presumption of innocence. That presumption of innocence remains with him throughout the course of the *Page 884 
trial unless or until the State of Alabama, who is the prosecuting authority in this case, convinces each one of you beyond a reasonable doubt that he is, in fact, guilty. If, or when that takes place, that is, each of you is convinced beyond a reasonable doubt that he is, in fact, guilty, then that presumption of innocence is taken away from him and he stands before this jury and before this Court guilty as charged in this indictment."
The appellant contends that the primary evidence in the case was circumstantial, therefore, requiring the trial judge to give his requested Charges No. 3, 4, and 10. His contention is that the admission into evidence of the appellant's fingerprints on the applications and admission of the composite sketch of the appellant's likeness were circumstantial evidence against him.
While some circumstantial evidence was admitted in the trial, it was not the primary evidence upon which the appellant's conviction was based. The appellant's fingerprints upon the applications found in the prosecutrix's apartment is only cumulative evidence of her direct testimony that he was in the apartment and is likewise cumulative of the appellant's own testimony that he had been present in the apartment on the date in question. The composite sketch of the appellant's likeness, drawn by an artist from a description given by the prosecutrix, was cumulative of her testimony making a positive identification of the appellant as her assailant. Had the evidence against appellant consisted only of the composite sketch and his fingerprints on the application forms, then instructions to the jury concerning circumstantial evidence would have been in order. However, the primary evidence in the instant case was the direct testimony of the prosecutrix identifying the appellant as the person who raped and robbed her.
In cases where the evidence is both direct and in part circumstantial, there is no error in refusing requested instructions which place emphasis on circumstantial evidence. Thompson v. State, Ala.Cr.App., 354 So.2d 1134 (1977), cert. denied, Ala.,354 So.2d 1138; Avery v. State, Ala.Cr.App., 336 So.2d 195 (1976), cert. denied, Ala., 336 So.2d 199. Therefore, the appellant's requested Charges No. 3, 4, and 10 were properly refused since they would overemphasize the circumstantial evidence in the case.
None of the refused written charges in issue were hypothesized on a "belief from the evidence." This in itself was fatal to the refused charges. Hudson v. State, Ala.Cr.App.,335 So.2d 208, cert. denied, Ala., 335 So.2d 211 (1976). Smithv. State, 57 Ala. App. 245, 327 So.2d 740 (1976); Johnson v.State, 55 Ala. App. 581, 317 So.2d 548 (1975); Jones v. State,54 Ala. App. 167, 306 So.2d 33 (1974), affirmed, 293 Ala. 762,306 So.2d 45 (1975).
 II
The appellant's contention that the trial court erred in not charging the jury on mistaken identity is not properly before this court. There were no written requested charges on this issue, nor was an exception taken to the trial court's oral charge. Where the trial court fails to charge on a particular phase of applicable law, the proper procedure for covering that omission is to request a written charge covering that point of law. Bowens v. State, 54 Ala. App. 491, 309 So.2d 844 (1974), cert. denied, 293 Ala. 746, 309 So.2d 850; Ford v. State,51 Ala. App. 162, 283 So.2d 614 (1973). In the case of In re Statev. Burns, 295 Ala. 423, 327 So.2d 927 (1976), Justice Bloodworth, in a special concurrence, stated:
 ". . . The Supreme Court of Alabama has never reversed a trial judge, to my knowledge, for failing to instruct. When a trial judge's instructions are not as full as defendant's counsel desires, the remedy is to request instructions explaining defendant's theory of the case. Smith v. State, 262 Ala. 584, 80 So.2d 307 (1955)."
 III
The appellant contends that the evidence was insufficient to support a conviction. There was no motion to exclude the *Page 885 
evidence, no request for the affirmative charge, and no motion for a new trial. Under a long line of cases, the sufficiency of the evidence is not subject to review unless challenged by one of those procedures in the trial court. Crow v. State, Ala.Cr.App., 365 So.2d 1254, cert. denied, Ala., 365 So.2d 1256
(1979); Gantt v. State, Ala.Cr.App., 356 So.2d 707, cert. denied, Ala., 356 So.2d 712 (1978); Youngblood v. City ofBirmingham, Ala.Cr.App., 338 So.2d 526 (1976).
AFFIRMED.
All the Judges concur.