## JOHN HAYS AND CHARLES TRENT v. THE STATE.

*No. 3815.    Decided December 16.*

1. **Practice — Joint Verdict and Judgment.** — It is well settled in this State that a joint verdict and joint judgment against joint offenders is not valid and can not be sustained. In joint prosecutions the verdict and judgment should be separate as to each defendant, and not joint.

2. **Burglary—Joint Defendants—Charge of Court.**—Where two joint defendants were on trial for burglary, and the court charged the jury, that if they believed "the defendants Trent and Hays, or either of them, did at night-time by force enter a house, etc., with the fraudulent intent to then and there commit theft, then you should find them guilty of burglary, as charged, and assess their punishment," etc., *held*, that such charge was erroneous, in that it authorized the conviction of both defendants on proof of the guilt of either.

3. **Practice—Punishment—House of Correction and Reformatory.**—By provisions of the Act of April 2, 1889, section 12, with regard to the house of correction and reformatory, no convict can be confined in said reformatory who is over 16 years of age and whose imprisonment is assessed at more than five years. But if the con-

vict be not more than 16 years of age, and the imprisonment assessed be five years or less, it is made the duty of the jury, and not the court, to fix and determine the place of punishment—that is, whether in the penitentiary or in the reformatory—and this must be done by the verdict.

4. **Same — Case Overruled.** — Washington v. The State, 28 Texas Court of Appeals, 411, with regard to the mode of fixing the punishment in the house of correction and reformatory, is overruled.

5. **Burglary — Recent Possession — Confession — Defense of Purchase — Charge of Court.**—On a trial for burglary, where the State relied both upon the recent possession of the stolen property and their confessions of guilt, and one of the defendants at the trial testified to a purchase of the goods found in his possession, *held,* error in the charge of the court for failing and omitting to submit to the jury the question of purchase as to said defendant.

APPEAL from the District Court of Dallas.    Tried below before Hon. R. E. Burke.

Appellants were jointly indicted, tried, and convicted in the court below, and a joint verdict and judgment was rendered against them of imprisonment in the penitentiary for a term of four years.

*Russell, Cooper & Lemmon,* for appellants.

*R. H. Harrison,* Assistant Attorney-General, for the State, confessed error as to the charge of the court.

DAVIDSON, JUDGE.—Appellants were convicted of burglary.

Omitting all that portion of the judgment preceding the verdict, it reads as follows: "'We, the jury, find the defendants guilty of burglary as charged in the indictment, and assess their punishment at four years in the penitentiary. A. BROWNLEE, Foreman.' It is therefore ordered, adjudged, and decreed by the court, that the verdict of the jury be in all things approved and confirmed; that the defendants, Charles Trent and John Hays, are adjudged to be guilty of the offense of burglary, as found by the verdict of the jury aforesaid; and that they be confined in the State penitentiary for the term of four years," etc.

This is a joint verdict and judgment, and the rule is well settled in this State that such a verdict and judgment is not valid, and can not be sustained.    Medis v. The State, 27 Texas Ct. App., 194, Sterling v. The State, 25 Texas Ct. App., 716; Cunningham v. The State, 26 Texas Ct. App , 83; Flynn v. The State, 8 Texas Ct. App., 398; Ceasar v. The State, *ante,* 274.

The court charged the jury: "If the evidence before you satisfies your minds beyond a reasonable doubt that in Dallas County, Texas, at any time within five years next before June 8, 1891, the defendants, Trent and Hays, or either of them, did, at night-time, by force, enter a house occupied by A. Lowenstein, without the consent of A. Lowenstein, and with the fraudulent intent to then and there commit theft,

then you should find them guilty of burglary as charged, and assess their punishment at confinement in the penitentiary for a term of not less than two years nor more than twelve years." This charge is clearly erroneous, in that it authorizes the conviction of both defendants upon proof of the guilt of either.

The court further charged the jury· "If, under the evidence and charge of the court, you find the defendants, or either of them, guilty, and by your verdict assess their punishment at five years confinement, and you believe from the evidence that either of the defendants are under the age of 16 years, then you have the discretion, and shall say by your verdict, whether such defendant shall be confined in the State reformatory or in the State penitentiary." If either of the defendants is not more than 16 years of age, and the punishment assessed be confinement for five years or less, then as to that defendant the judgment and sentence shall be that the said defendant be confined in the house of correction and reformatory. The law, under this state of case, leaves the jury and court no discretion in the matter. Acts 1889, p. 97, sec. 12; Washington v. The State, 28 Texas Ct. App., 411.

The uncontradicted evidence is that the defendant Hays is under 16 years of age. The verdict and judgment should both have ascertained that fact, and it should have been embraced in said verdict and judgment. As to the defendant Trent it was not proper to submit the issue, because there was no evidence as to his age, except that he appeared to be over 17 years of age.

The State relied upon the possession of recently stolen property, coupled with the confessions of defendants as to their guilt of the burglary, to sustain the conviction. Hays sets up and testifies to a purchase of the goods found in his possession. Under this state of case the charge should have submitted the question of purchase as to said defendant. If he purchased the goods, and was not a principal offender, he should not have been convicted of burglary, and the court should have so instructed the jury; or, if there is a reasonable doubt of either of these propositions, the defendant should have been acquitted.

The Assistant Attorney-General confesses error in this case, and we are of opinion that he is correct in said confession.

For the errors mentioned, the judgment is reversed and the cause remanded.

White, P. J., absent.

### ON REHEARING.

The court charged the jury: "If, under the evidence and the charge of the court, you find the defendants, or either of them, guilty, and by your verdict you assess their punishment at five years confinement or

less, and you believe from the evidence that either of the defendants is under the age of 16 years, then you have the discretion, and should say by your verdict, whether such defendant shall be confined in the State reformatory or in the State penitentiary." It is contended that this charge was erroneous, and on a former day of this term it was so held by this court, following Washington's case, 28 Texas Court of Appeals, 411. White, P. J., did not participate in our former opinion, being absent. In that opinion it was held, if the punishment was five years or less, and the party was 16 years of age or less, he should be sent to the reformatory; and if the punishment was for "more than five years, then the verdict should be that he be sent to the penitentiary;" and that this was mandatory. Upon further reflection we are of opinion that this decision does not properly construe the Act of 1889, section 12. Duncan v. The State, 29 Texas Ct. App., 141. The discretion of the jury refers to the place of confinement where the party is 16 years of age or less, and the punishment is five years or less; and this is mandatory under the statute. In so far as the opinion in the Washington case is in conflict with this view, it is overruled, and the opinion in this case heretofore rendered is so reformed as to conform to this view and construction of the Act of 1889. Duncan v. The State, 29 Texas Ct. App., 141.

In all other respects the former opinion is correct, and for the other errors indicated in the opinion heretofore rendered the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.