## J. A. ROGERS v. THE STATE.

*No. 994.   Decided March 11th, 1896.*

**Plumber—Pursuing Occupation Without License—Charge as to Costs.**

New Penal Code, Art. 114, provides, that a person prosecuted for pursuing an occupation without license, shall have the right, at any time before conviction, to have such prosecution dismissed upon payment of the tax and all costs of said prosecution,

etc. On the trial of a plumber for pursuing his occupation without license, where it appeared that after the prosecution was instituted, defendant had paid the tax and obtained his license, which he presented to the court, it was error for the court to charge the jury, in effect, that, if defendant paid the tax, but did not pay the costs of the case, to find him guilty, and assess the costs of the prosecution against him.

APPEAL from the County Court of Tarrant. Tried below before Hon. GEORGE W. ARMSTRONG, County Judge.

This appeal is from a conviction for pursuing an occupation taxed by law, without having obtained a license.

The verdict of the jury was: "We, the jury, find against the defendant for all costs of prosecution;" and judgment was entered accordingly.

*Porter Ball*, for appellant.—The verdict is void, because it does not find defendant "guilty" or "not guilty." Wills. Crim. Stats. Art. 712, § 2403; Taylor v. State, 5 Tex. Crim. App., 569; Wilson v. State, 12 Tex. Crim. App., 481.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of pursuing the occupation of a plumber without having first obtained his license therefor. The conviction was had under Article 112, New Penal Code. Article 114 provides "that any person prosecuted under Article 112 of the Penal Code of the State of Texas, shall have the right at any time before conviction to have such prosecution dismissed upon the payment of the tax and all costs of such prosecution, and procure the license to pursue or follow the occupation for the pursuing of which, without license, the prosecution was instituted." It appears that the appellant, after the institution of this prosecution, was permitted by the collector to pay the tax, and was granted a license, which being presented to the court, the judge instructed the jury, "if they found that appellant had pursued the occupation named in the indictment without having paid the tax, to find him guilty." But he further charged that portion of Article 114 above quoted, and then told them "that if the evidence shows that, before this trial, the appellant paid the tax due to the State and county, but did not pay the costs of this case, you are therefore instructed, if you find the defendant guilty as hereinbefore charged, to find the costs of this prosecution against the defendant." And the jury found the appellant guilty, and assessed the costs of the prosecution against him. The officer, under the law, had no right, in the first place, to have issued a license until the costs of said prosecution, as well as the tax had been paid; and as the costs had not been paid at all, if the appellant was liable to prosecution, he was liable to be fined as though he had not procured a license. The charge of the court instructing the jury to assess the costs of the prosecution against the defendant was not authorized. The judgment is reversed.

*Reversed and Remanded.*