# Adams *v.* The State.

### Indictment for Larceny.

1. *Reasonable doubt; what constitutes it; charge to the jury.*—In a criminal case, a charge which instructs the jury that "After considering all the evidence in this case, unless you can say that you have a fixed conviction of the truth of the charge, you are not satisfied beyond a reasonable doubt, and should not convict the defendant," is properly refused; since, whatever may have been intended by the words "a fixed conviction," the charge was calculated to mislead the jury.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

The appellant was indicted for the larceny of an overcoat and a pistol from a dwelling house, the property stolen being the property of William M. Ellis.

The State introduced William M. Ellis as a witness, who testified that on September 1, 1896, he missed his overcoat and pistol from his room; that he had never seen the pistol since, but in December, 1896, he saw the defendant wearing his overcoat. This witness testified that the overcoat the defendant wore was his, and stated certain facts in reference to the coat which enabled him to identify it. This was all the testimony for the State, and the defendant moved to exclude the evidence and discharge him. The court overruled this motion, and the defendant duly excepted. The testimony for the defendant tended to show that the defendant was given an overcoat similar to the one described by the State's witness, Evans, by one Jones, and that it was this coat which the defendant had on at the time testified to by Evans.

The second charge requested by the defendant is copied in the opinion. The first charge requested by him was as follows: "If the jury believe the evidence in this case, they must find the defendant not guilty." The court refused to give each of these charges, and the defendant separately excepted to the refusal to give each of them.

MILLER & KIRVEN and ABRAHAMS & CANTERBURY, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of petit larceny. After the evidence had closed, the defendant requested the court to instruct the jury as follows: "After considering all the evidence in this case, unless you can say that you have a fixed conviction of the truth of the charge, you are not satisfied beyond a reasonable doubt, and should not convict the defendant."

First, is the charge expressed in that plain, simple and unambiguous language which should characterize instructions to a jury ?—*L. & N. R. R. Co. v. Hall,* 87 Ala. 723 ; *Peterson v. The State,* 74 Ala. 34. Counsel for appellant have submitted an argument to show that the legal effect of the charge was the same as if requested to charge that "unless the jury were satisfied beyond a reasonable doubt of the defendant's guilt, they should acquit." If no more was intended, we may well inquire, why the instruction was expressed in the language selected? We are satisfied that the presiding judge was of the opinion, that the instruction as framed required something more than that the jury should be satisfied beyond a reasonable doubt, and refused to give the charge for this reason. The jury might have believed from the charge requested, that before a verdict of guilty could be returned, there should be a conviction of guilt, unchangeable, immovable by any amount of other evidence. We have some difficulty ourselves in determining exactly what meaning was intended by "a fixed conviction." A charge may be technically correct, yet it may be expressed in such a way as to be calculated to mislead the jury. A court should always refuse such charges.—3 Brick, Dig. 112, § 85; *Knowles v. Ogletree,*

96 Ala. 555. Whatever may have been intended, we are satisfied it was calculated to mislead the jury, and there was no error in refusing it.

The other questions reserved are unimportant. It was for the jury to say whether the possession of the property was explained. The prosecution did not depend entirely upon the fact of possession. There was other evidence to show the opportunity of the defendant to steal the property.

Affirmed.