TOM HINES AND J. H. CHILDRESS v. THE STATE.

No. 3081.    Decided March 8, 1905.

**Theft—Verdict.**

Where the verdict was: "We the jury find the defendants guilty as charged in the information and assess their punishment at a fine of $100 and confinement in the county jail for six months," appellants being jointly on trial; the verdict not being a separate verdict against each defendant, must be set aside.

Appeal from the County Court of Tarrant.    Tried below before Hon. R. F. Milam.

Appeal from a conviction of theft; penalty, a fine of $100.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains three counts: one for swindling; one for theft, under the bailment statute, by conversion; and the other for theft. Motion was made to quash the count alleging swindling. We believe this motion was well taken that the count charging swindling was not legally sufficient. The count for theft is good. Swindling and theft were both submitted to the jury, and a general verdict was returned. Upon another trial the count for swindling will not be submitted in the charge. The verdict is as follows: "We, the jury, find the defendants guilty as charged in the information, and assess their punishment at a fine of $100 and confinement in the county jail for six months." Objection was urged to this for uncertainty. It is a joint and not a separate verdict against each defendant. The objections are well taken. Edwards v. State, 8 Texas Ct. Rep., 1004; Cunningham v. State, 26 Texas Crim. App., 83; Whitcomb v. State, 30 Texas Crim. App., 269.

Because of the uncertainty of the verdict of the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.