# Moss *v.* The State.

## *Murder.*

(Decided July 2, 1907.   44 South. 598.)

1. *Homicide; Trial; Production of Skull.*—Where it was shown that two reputable physicians had dissected the skull and knew as much about it as could be ascertained by further examination, and that these physicians were accessible as witnesses, it was not error to refuse to make an order directing the sheriff to exhume the skull of the deceased and produce it upon the trial for the purpose of ascertaining whether the bullet hole was a forty-four or thirty-two calibre.

2. *Same; Court's Discretion.*—If it be within the province of the court to order a body exhumed for purposes of evidence, it is within the discretion of the court to do so, and the court's refusal is not reviewable; nor will the action of the court in refusing a continuance on account of the absence of the body be reviewed unless the discretion has been abused.

3. *Trial; Preliminary Hearing; Testimony Reduced to Writing.*—A witness whose testimony on the preliminary trial has been reduced to writing, which writing was in possession of defendant's attorney, was entitled to read such testimony, or have it read to him, to refresh his recollection, where defendant sought to show what the witness had testified to on the preliminary hearing.

4. *Homicide; Evidence; Admissibility.*—It being a question for the jury to determine as to who was mistaken, it was not permissible to show by a witness, who had testified that she and another were walking fast, as to whether she or the other was mistaken.

[Moss v. The State.]

5. *Trial; Objection to Testimony; Waiver.*—After cross examining a witness conecrning tracks in a roadway near where decedent was killed or where his body was found, defendant was not in position to move to exclude such testimony.

6. *Evidence; Tracks*—Where the state's theory was that after doing the killing defendant passed along a certain road in which tracks were found, testimony as to tracks found there was admissible, the weight of it being for the jury

7. *Homicide; Evidence; Instruments Used.*—Where the evidence tended to show that the death was caused by a forty-four calibre pistol shot, and that tracks led from the scene of the crime to defendant's home, it was proper to show that defendant told witness that his pistol was at his house, and to show that defendant's sister dug the pistol out of the ground several hundred yards from her house and that it was a forty-four calibre.

8. *Same; Demonstrative Evidence.*—Where there was evidence tending to show that deceased died of a pistol wound made by a forty-four calibre pistol and that defendant's pistol was of that calibre, a bullet found at or under deceased's hips was admissible in evidence.

9. *Same.*—Where witness had testified that a bullet hole in deceased's head was of a certain size he guessed, that was not grounds for excluding a subsequent statement by the same witness that it was about the size of his little finger.

10. *Trial; Instructions Misleading.*—A charge asserting that if any of the facts proven are inconsistent with defendant's guilt, he may not be convicted is misleading, as the jury might believe beyond a reasonable doubt in the defendant's guilt on all the facts in the case, while there might be a single fact, when taken alone, that would be inconsistent with his guilt.

11. *Same; Verdict; Polling Jury.*—It is not error to refuse to ask a juror if he gave up his honest opinion in arriving at the verdict where upon polling the jury each stated that it was his verdict, except the foreman of the jury who stated that he agreed to it.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Jim Moss was convicted of homicide and appeals. The facts and matters complained of as error are sufficiently stated in the opinion of the court. Affirmed.

OSCAR S. LEWIS, for appellant. The Constitution guarantees to the accused the right to have compulsory process for obtaining witnesses in its favor and the body was clearly competent as evidence.—1 *Elliot on Evidence*, Sec. 24; 2 *Elliott on Evidence*, Sec. 689-691. To hold otherwise would be to defeat the plain ends of the

Constitution.—*Priggs v. Commonwealth*, 16 Peters, 612; *Thompson v. G. C. R. & B. Co.*, 34 Am. Dec. 81; *Dorman v. The State*, 34 Ala. 216.—To hold that the granting of the motion was within the discretion of the trial court or that the refusal of the motion for continuance under the circumstances in this case was within the discretion would be violative of the constitutional provision giving compulsory process for the production of evidence.— *Rogers v. The State*, 144 Ala. 34; *Hill v. The State*, 72 Miss. 577; 138 Ala. 80; *Walker v. The State*, 117 Ala. 85. All inculpatory admissions in the nature of confessions are governed by the same rule which determined the admissibility of confessions proper, and the court erred in admitting the testimony of the sheriff.—*Wilson v. The State*, 84 Ala. 426; *Kelly v. The State*, 72 Ala. 247; *Reid v. The State*, 69 Ala. 259; *Spicer v. The State*, 69 Ala. 163. The court erred in admitting proof of the track.— *Curtis v. The State*, 118 Ala. 133; *Terry v. The State*, Id. 84; *Ethcridge v. The State*, 123 Ala. 106; 102 Ala. 16; 71 Aia. 513. The court erred in refusing the second charge requested by defendant.—*Gilmore v. The State*, 99 Ala. 154.

ALEXANDER M. GARBER, Attorney General, for the State. The court had no power to authorize the sheriff to disturb the body.—*Bessemer Co. v. Jenkins*, 111 Ala. 135. At most it was addressed to the discretion of the court and cannot be reviewed. Witness ought to have been shown or read his answers on preliminary examination.—*Kennedy v. The State*, 85 Ala. 327; *Carden v. The State*, 84 Ala. 417. It was for the jury to say who was mistaken.—*Gregory v. The State*, 148 Ala. 566. The objection to the testimony as to the tracks came too late. —*Choppin v. The State*, 123 Ala. 58. In any event, the testimony was admissible.—*Livingston v. The State*, 105

Ala. 27. The bullet found near deceased was admissible.
—*Crawford v. The State,* 112 Ala. 1. The second charge
requested by defendant was properly refused.—*Liner v.
The State,* 124 Ala. 4.—*Winter v. The State,* 133 Ala.
176. The Court did not err in refusing to ask the jurors
if any of them surrendered their honest convictions in
arriving at the verdict.—*Pryor v. The State,* 77 Ala. 56.

HARALSON, J.—Before the trial, the defendant
moved the court for an order requiring the sheriff to have
and produce at the trial, the skull of the deceased, to be
used as evidence, there being a dispute in the case as to
whether or not the deceased was killed by a shot fired
from a 44-caliber pistol belonging to defendant, which
the evidence tended to show. It was shown, that the
body of deceased had been buried in a public graveyard
at Antioch Church, near Notasulga, in Macon county.
It was further shown that before the burial, two reputa-
ble physicians, Dr. J. C. Baldwin and Dr. W. S. Ward,
carefully examined the skull of deceased, who dissected
the same, and already knew as much of its condition as
could be learned by exhumation and further examina-
tion, and that these physicians were accessible at the
time of the trial. Both these physicians were present at
the trial, and testified as to the condition of the skull and
the bullet holes in the same. It was further objected by
the state, that the court was without authority to direct
the disinterment of the body of deceased for the purposes
specified, and that the sheriff had no right or authority
to do so.

In *Bessemer Land & Improvement Co. v. Jenkins,* 111
Aia. 135, 148, 18 South. 565, 568, 56 Am. St. Rep. 26, it
was said: "Where one is permitted to bury his dead in
a public cemetery, by the express or implied consent of
those in proper control of it, he acquires such a posses-
3 R

sion in the spot of ground in which the bodies are buried, as will entitle him to action against the owners of the fee or strangers, who, without his consent, negligently or wantonly disturb it. This right of possession will continue as long as the cemetery continues to be used." The consent of the next of kin was not shown. But, there was no necessity to produce the skull, since it had already been subjected to the examination of the two physicians, who could tell as much about the matter, as if the skull were produced. Furthermore, the court had the right, even if it had the power to cause the body to be exhumed, to exercise its discretion not to allow the motion.

There is no merit in the contention, that, on account of the absence of the skull, the court should have continued the cause. This was in the discretion of the court, it not appearing that there was any abuse of its discretion, and we will not review its ruling in that regard.

It was admitted, that the evidence of the witnesses on the preliminary trial was taken down in writing by a stenographer and that it was correct. The defendant sought, in the instance of .Will Simpson, to prove by him what he swore to, on the preliminary hearing. This evidence was in court, in the possession of defendant's counsel. The state objected on these grounds, and that the witness was entitled to see the evidence or have it read to him. The court so ruled, and in this there was no error.—*Kennedy v. State*, 85 Ala. 326, 330, 15 South. 300; *Carden v. State*, 84 Ala. 417, 4 South. 823. The defendant's counsel then read the evidence to the witness, and he stated he swore to that.

The witness Frances Simpson testified that on her way home from the depot at Chehaw, accompanied by her husband, he and she were walking "peart." Defen-

dant asked, "If your husband testified that you were walking slow, he was mistaken?" The court properly sustained an objection to the question. Whether the husband of the witness was mistaken or not, was for the jury to determine under the evidence.

The witness Cogburn testified that there were tracks along a certain road from the point where the body of deceased was found. On the cross, defendant's counsel further questioned the witness with reference to these tracks, and then moved the court to exclude such testimony. The objection came too late. The defendant should have objected when the questions were asked.— *Coppin v. State,* 123 Ala. 58, 26 South. 333. Besides, the testimony as admissible. The theory of the state was, that defendant committed the crime, and took the road on which the tracks were found, on his way home. If that was true, the tracks were connected with defendant, and the weight to be given the testimony was solely for the determination of the jury.—*Livingston v. State,* 105 Ala. 127, 16 South. 801; *Young v. State,* 68 Ala. 569.

J. J. Yarbrough testified to a pistol shown him as being defendant's, found at or near the house of defendant's father, which had been hidden in the woods nearby. He was asked to state the surroundings when and where he saw it, to which the defendant objected, and which objection was overruled. The defendant, as he deposed, told him, the pistol was at his father's house, and he went there to get it. He further testified, that defendant's sister dug up the pistol where it was buried, several hundred yards from the house. The pistol was given to the sheriff, Huddleston, who testified to it having been given him by Yarbrough. As shown by him, it was a Colt's 44-caliber. which pistol was introdced in evidence.

The evidence concerning the pistol was properly introduced. There was evidence from which the jury could find, that deceased came to his death from a 44-caliber pistol ball. There were tracks leading from the scene of the crime to the defendant's father's house, where the defendant lived, and the pistol was found at that house, buried in the ground. It was shown that the pistol belonged to the defendant. The bullet found by the witness Rast at or under the hips of the body of deceased was also properly allowed in evidence for the consideration of the jury.—*Crawford v. State,* 112 Ala. 21, 21 South. 214.

The witness Taylor expressed what was a description of the size of the bullet, and said, he saw the hole in deceased's head, and it was as large as his little finger; that the bullet came out on the other sie, was of oblong shape, the size of his thumb. The defendant objected to this evidence, and the objection was overruled. The fact that the witness had stated, as is alleged, that he guessed the hole was of a certain size, was no reason why he should not, afterwards, state that it was the size of his little finger. This was, stating in more accurate form, what he had previously somewhat indefinitely stated. We find no reversible error in the evidence of Huddleston, the sheriff.

The general charge for defendant was properly refused. The evidence was ,for the most part, circumstantial, but if believed by the jury was such as upon which they might find the defendant guilty.

The second charge requested by him (defendant) was: "That if any of the facts proven is inconsistent with the guilt of defendant, you cannot convict him." This charge was properly refused, as from it the jury might have been misled to the belief that their verdict should be based upon proof of a single fact inconsistent with de-

[Moss v. The State.]

fendant's guilt, although this fact, when considered in connection with other facts proved, might not have been sufficient to prevent belief beyond a reasonable doubt of defendant's guilt.—*Morris' Case,* 27 South. 336, 124 Ala. 44.

The jury was polled, at the request of the defendant. The court asked each one of them, separately, if this was his verdict, to which each juror separately answered that it was his verdict, except the foreman, who answered, "I agreed to it," "whereupon defendant asked the court, to ask the jury, if any one of them gave up his honest convictions in arriving at the verdict." The judge refused to do so, or to allow it to be done. There was no error here. If the foreman desired to explain the matter further, he should have made known his wishes to the court. "We cannot assume, for the purpose of putting the court in error, that the counsel for the defendant had any authority to make a request, in behalf of the juror, to be allowed such opportunity for explanation. Non constat, but that the juror may have entertained no such desire."—*Prior v. State,* 77 Ala. 56-60.

Unlike in criminal cases, generally, the defendant assigned errors in this case. The errors assigned, and such as he insists on have been examined. Others, not noticed in this opinion, deserve no consideration, as they were without merit.

Affirmed.

DOWDELL. SIMPSON, and DENSON, JJ., concur.