# Webb *v.* The State.

*Violating Prohibition Law.*

(Decided June 30, 1909.  50 South. 356.)

1. *Charge of Court; Directing Verdict.*—Where the evidence justified the court in refusing the affirmative charge as to both counts of the indictment, the fact that the court gave. the affirmative as to the 2nd count, and refused a like charge as to the 1st count cannot be made a predicate for error, and this is true although the jury returned a verdict of not guilty as to the 2nd count, and a verdict of guilty on the 1st count.

2. *Same; Form.*—A charge asserting that if the jury have a reasonable doubt as to the truth of the statements testified to by the state's witnesses they cannot convict the accused, fails to hypothesize the materiality of the statements, and is properly refused.

3. *Same; Misleading Instructions.*—A charge asserting that if, after considering the evidence, unless the jury can say that they have a fixed opinion of the truth of the charge they are not satisfied beyond a reasonable doubt and must acquit, is misleading.

4. *Same; Form.*—An instruction that the jury upon finding accused guilty must assess a fine of not less nor more than certain specified sums, is properly refused, for the use of the word "must" instead of the word "may."

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Mitchell Webb was convicted of selling intoxicating liquors, and he appeals. Affirmed.

The following charges were refused to the defendant: "(2) If you have a reasonable doubt of the truth of the statements as testified to by the state's· witnesses, you cannot convict the defendant. (3) If, after considering all the evidence in this case, unless you can say that you have a fixed opinion of the truth of the charge, you are not satisfied beyond a reasonable doubt, then you should acquit. (4) If the jury find the defendant guilty under the first count of the indictment, the jury must assess a fine of not less than $20, nor more than $500."

CANTERBURY & GILDER, for appellant.  One charged with the violation of a prohibition law may be convicted under the Code form for retailing liquor in a prohibition district.  So, under the 1st count in this indictment proof might have been offered as to the violation of the local statute.—*Tonsie v. The State,* 151 Ala. 80.  There was an acquittal under the 2nd count under the general charge of the court and the proof being the same he should have been acquitted under the 1st count.—Wharton's Am. Crim. Law, 109; *Gunter's Case,* 111 Ala. 26.  The court should have given charge 2.—*Washington's Case,* 58 Ala. 355; *Segar's Case,* 86 Ala. 59.  The court should have given charge 3.—*Bouldin v. The State,* 102 Ala. 83; *Griffith v. The State,* 90 Ala. 588; *Prater v. The State,* 107 Ala. 27.  The court erred in refusing charge 4.—Section 500, Code 1896.

ALEXANDER M. GARBER, Attorney-General, for the State.  Counsel discuss assignments of error, but without citation of authority.

DENSON, J,—There are two counts in the indictment.  The first, in the usual form, is for selling spirituous, vinous, or malt liquors without a license and contrary to law; while the second is for selling or giving away such liquors in violation of a local prohibition law.  The indictment was filed on the 4th day of May, 1907.  At the request of the defendant the court gave in his favor the general affirmative charge as to the second count, but refused a similar charge as to the first count.

Upon the evidence disclosed by the record the court might properly have refused both of the charges; but because it gave one of them affords no valid reason for the argument that it committed error in refusing the other.  Nor does the fact that the jury returned a verdict

of not guilty as to the second count and guilty upon the first furnish any ground for predicating error of the court's ruling refusing the affirmative charge requested by the defendant as to the first count.

Charge 2 was properly refused. Besides other infirmities, this charge possesses that of failure to hypothesize materiality of the "statements" of the witnesses.

Charge 3 is misleading, and was properly refused, on the authority of *Adams' Case,* 115 Ala. 90, 22 South. 612, 67 Am. St. Rep. 17.

Without discussing any other phase of the proposition presented by charge 4, it suffices to say of it that the use of the word "must," instead of "may," therein, condemns the charge. Undoubtedly the testimony tended to show defendant's guilt under section 5076 of the Code of 1896, and that section, which was of force all over Marengo county, authorized the fine assessed by the jury and the punishment administered by the court.

There is no error, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.

*Violating Prohibition Law.*

