# Davis *v.* The State.

## *Manslaughter.*

(Decided June 27, 1913. Rehearing denied · July 8, 1913. 62 South. 1027.)

1. *Criminal Law; Verdict; Punishment.*—Where the verdict after finding all the defendants guilty of manslaughter finds "we fix as their punishment five years in the penitentiary," it is not uncertain as not specifying what portion of the term each should serve, since it could not be construed to require a joint sentence of five years, the language plainly requiring the confinement of each for the full term.

2. *Same; Correction by Jury.*—Where the jury returned a verdict of guilty of manslaughter, and fixed the penalty which indicated the degree, although the verdict did not specify the degree, the recalling of the jury, and the correction of the verdict by them by the insertion of the words, 'in the first degree," was an immaterial correction not prejudicial to defendant.

[Davis v. The State.]

3. *Homicide; Burden of Proof.*—Where the indictment charged murder the defendant could be convicted of lower grades of the same offense, and hence, a charge directing an acquittal unless the jury believe beyond a reasonable doubt that defendant is guilty as charged in the indictment, was properly refused.

4. *Same; Self-Defense.*—A charge asserting that if the jury have a reasonable doubt whether defendant acted in self-defense, he is entitled to the benefit of the doubt, did not define the elements of self-defense and this justified its refusal.

5. *Same.*—A charge asserting that the burden is on the state to show that defendant was the aggressor in the difficulty which led to the homicide was misleading and erroneous, as the burden is not upon the state to show this until defendant has introduced evidence showing that he was in imminent peril, and could not safely retreat.

6. *Same; Burden of Proof; Venue.*—Where the indictment charged murder, an instruction directing an acquittal unless the jury believed beyond a reasonable doubt that the offense charged in the indictment was committed within the county was misleading, since under it, the defendant could not be convicted of manslaughter even though the jury should believe that that offense had been committed within the county.

7. *Charge of Court; Burden of Proof.*—Where any of the testimony elicited from defendant or his witnesses tends to incriminate him, he is not entitled to an instruction that if the prosecution has failed to prove the guilt of defendant beyond a reasonable doubt, they should acquit, as a conviction or an acquittal must be based upon a consideration of all the evidence offered.

8. *Same; Covered by Those Given.*—It is not error to refuse instructions substantially covered by written instructions given.

9. *Same; Effect of Evidence.*—A charge requiring a prompt acquittal if the evidence is reasonably consistent with defendant's innocence, is properly refused.

10. *Applicability to Evidence.*—Where the evidence is positive and not circumstantial, a charge asserting that the burden is upon the state to show beyond a reasonable doubt, every circumstance necessary to establish defendant's guilt, is not applicable to the evidence.

11. *Same; Misleading.*—Where there are two defendants, a charge asserting that unless the state has shown the defendant to be guilty the jury should return a verdict of not guilty, is misleading.

12. *Same; Referring Question of Law to Jury.*—A charge requiring proof of all the material allegations of the indictmnet, but not informing the jury as to what are the material allegations, refers a question of law to the jury, and is properly refused.

13. *Same; Reasonable Doubt.*—Charges asserting that if the evidence is not so convincing as to lead to the conclusion beyond a reasonable doubt that defendant is guilty, or if the evidence or any part thereof generates a well-founded doubt in the minds of the jury, or if there is a reasonable doubt arising out of any part of the evidence, they should acquit, and that they should be satisfied beyond all

[Davis v. The State.]

reasonable doubt to the exclusion of every probability of innocence, are properly refused.

14. *Same; Abiding Conviction.*—A charge asserting that if the juror feels that he desires more evidence before he can have an abiding conviction of the guilt of defendant, then he entertains a reasonable doubt is erroneous, since an abiding conviction is a settled or fixed conviction.

15. *Criminal Law; Venire.*—Under section 7229, where an offense is committed within a quarter of a mile of the boundary line between two counties, the jurisdiction is in either county, and hence, a charge to acquit unless the jury believe beyond a reasonable doubt that the offense was committed in that county, was properly refused, where the evidence showed that the offense was committed very near the boundary line.

16. *Appeal and Error; Instruction; Bill of Exceptions.*—By section 5364, Code 1907, charges given for a defendant are made a part of the record, and may be examined to determine whether propositions contained in refused charges were covered by the charges given, notwithstanding they could not be reviewed on appeal unless incorporated in the bill of exceptions.

APPEAL from Selma City Court.

Heard before HON. ARMSTEAD BROWN.

Yancey Davis and another were convicted of manslaughter in the first degree, and they appeal. Affirmed.

The original verdict returned found defendant guilty of manslaughter without finding the degree, and on being recalled the jury stated to the court what the jury found, and this was inserted.

The following charges were refused to defendant:

"(2) The court charges the jury that the only foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence and every reasonable doubt of his guilt; and, if the prosecution has failed to furnish such measure of proof and to so impress the minds of the jury of his guilt, they should find defendant not guilty."

"(4) The court charges the jury that, if the evidence is not so convincing as to lead the minds of the jury to

the conclusion beyond all reasonable doubt that defendant is guilty as charged in the indictment, they must find defendant not guilty."

"(17) The court charges the jury that the burden is upon the state, and it is the duty of the state to show beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that defendant is guilty; and, unless the state has done this in this case, it is your duty to render a verdict of not guilty."

"(19) The court charges the jury that, before you can convict the defendant, all the necessary and material allegations of the indictment should be proved beyond a reasonable doubt."

"(23) The court charges the jury that, if the evidence in the case is reasonably consistent with the defendant's innocence, you should promptly acquit defendant."

"(28) The court charges the jury that the innocence of defendant is presumed until his guilt is established by the evidence in all the material aspects of the case beyond a reasonable doubt, to a moral certainty, and it may also be said that evidence of guilt must be strong and cogent, and, unless it is so strong and cogent as to show that defendant is guilty to a moral certainty, defendant should be acquitted."

"(36) The court charges the jury that if the evidence in this case is not so convincing as to lead the minds of the jury to the conclusion beyond all reasonable doubt that defendant is guilty, or if the evidence, or any part thereof, generates a well-founded doubt of defendant's guilt in the minds of the jury, or if there is a reasonable doubt of defendant's guilt arising out of any part of the evidence (reasonable doubt not being the same as probability of innocence) but existing where

[Davis v. The State.]

the evidence fails to convince the jury that there is a probability of innocence, then you should acquit defendant.

"(37) The jury should be satisfied beyond all reasonable doubt to the exclusion of every probability of innocence, and beyond every doubt of guilt, before they can convict the defendant."

"(41) If, after weighing and considering all the evidence in the case, any one or more of the jurors feels that he desires more evidence before he or they can have an abiding conviction of the guilt of defendant, then such a juror has a reasonable doubt of defendant's guilt, and the jury should not convict the defendant."

"(64) The burden is upon accused to show self-defense; yet, if upon all the evidence the jury have a reasonable doubt as to whether he acted in self-defense or not, he is entitled to the benefit of the doubt and to an acquittal.

"(65) The court charges the jury that the burden of proof is not on the accused but on the state to prove that accused was the aggressor or provoked the difficulty."

W. W. Quarles, Reese & Reese, and Hill, Hill, Whiting & Stern, for appellant. The verdict was uncertain as to time, and hence, the punishment was indefinite and could not be imposed.—*Zaner v. State*, 90 Ala. 651; *Ex parte Groucher*, 103 Ala. 307; *Washington v. State*, 117 Ala. 30. There was no valid verdict in the case as there were two tried and the penalty was jointly assessed.—*Perry v. State*, 149 Ala. 41; 55 S. W. 894; 10 Mo. 440; 34 Tex. 230; 30 Tex. App. 472; Ib. 274; 26 Ib. 83; 85 S. W. 1057; 14 B. Monroe 386. Charges 2, 4 and 17 should have been given.—*Brown v. State*, 118 Ala. 111. Charge 19 should have been given.

—*Crane v. State,* 111 Ala. 46. Charge 10 was approved in *Pickens v. State,* 115 Ala. 51; *Burton v. State,* 107 Ala. 109. Charge 23 should have been given.—*Neilson v. State,* 40 South. 221; *Sanford v. State,* 39 South. 373. Charge 28 should have been given.—*McCoy v. State,* 54 South. 428; *Gilmore v. State,* 99 Ala. 159; *Salm v. State,* 89 Ala. 56. Charge 41 should have been given, as should charge 64.—*Hinson v. State,* 112 Ala. 49. Charge 68 was approved in *Simmons v. State,* 158 Ala. 11; *Rosenburg v. State,* 5 Ala. App. 198.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and CRAIG & CRAIG, for appellee. There was no error in having the jury return to their room and correct the verdict, as the correction was immaterial, and not prejudicial.—*Gaines v. State,* 146 Ala. 16; *Nabors v. State,* 120 Ala. 323; *Sanders v. State,* 131 Ala. 1; *Watkins v. State,* 133 Ala. 88; Sec. 7087, Code 1907. The verdict was susceptible of no other construction than that both defendants were to serve each a sentence of five years.—34 S. W. 633; 66 Ib. 1098; 104 Ib. 1109; 29 A. & E. Snc of Law, 1016. The declaration was admissible as a declaration on the part of a conspirator.—*Blount's Case,* 49 Ala. 381; *Ross v. State,* 62 Ala. 224; *Holland v. State,* 162 Ala. 5; *Young v. State,* 149 Ala. 16. Charge 2 was properly refused.—*Watts v. State,* 59 South. 270; *Robertson v. State,* 60 South. 459. Charge 3 required a conviction on the state's testimony alone.—*Rigsby v. State,* 152 Ala. 9. Charge 4 was properly refused on these authorities. The other charges requested were either fully covered by instructions given or were misleading and argumentative.

THOMAS, J.—In this case we reverse the order usually followed in the consideration of the points rais-

ed by the record and will here first deal with the last exception presented, since it raises a question of such a character that, should we reach a conclusion upon it in harmony with the contention of the defendants' counsel, it will eliminate the necessity for the consideration of the other questions raised in that it will not only cause a reversal here of the judgment of conviction but be decisive of the future disposition of the case in the court below on another trial.

The defendants (father and son) were jointly indicted for murder and were jointly tried; the jury returning a verdict which, after being corrected by them in an immaterial particular under the direction of the court, read as follows: "We, the jury, find the defendants guilty of manslaughter in the first degree and fix as their punishment five years in the penitentiary." Formal judgment of conviction followed this verdict, and the court separately sentenced each of the defendants to five years in the penitentiary. It is contended by appellants' counsel that this sentence was unauthorized because, as they claim, the verdict as to the punishment inflicted upon the defendants is joint and not several, and does not mean, as it was construed by the lower court, that each defendant is to serve a sentence of five years, but means that the two together are to serve five years, each such a portion thereof as to make up the total; and that this verdict, being joint and not several, is void for indefiniteness and uncertainty and could not form the basis of any valid sentence whatever in that it does not prescribe what portion of this five years each is to serve, whether each is to serve an equal portion of it, or whether one was to serve more of it than the other, and, if so, what the division between them of this punishment was to be.

The first authority cited on the proposition in the brief of appellants' counsel is that of *Arnold v. Commonwealth* (Ky.) 55 S. W. 894, which, however, instead of supporting their contention, it seems to us, destroys it. In that case the verdict was as follows: "We of the jury find the defendants [naming them] guilty of voluntary manslaughter, and fix their punishment at confinement in the penitentiary for the period of twenty-one years." In dealing with the objection to this verdict, the Kentucky court said: "It is objected that this verdict and judgment are void. * * * There is considerable authority to support this view, notably in the Texas cases, which seem to be exactly in point. The case of *Bosleys v. Commonwealth*, 7 J. J. Marsh. (Ky.) 599, was a joint fine against the defendants, and the reason given for holding the judgment erroneous was stated to be 'because thereby one of the defendants may be compelled to pay the whole amount, and in that event he would not be entitled to contribution from his codefendants. Thus the other defendants would escape punishment entirely, and the whole burden might fall upon him who was least blamable in the transaction. So far it would savor of punishing one man for the guilt of another.' It is obvious that this reasoning does not apply to the case at bar. Here there can be no doubt as to the meaning of the jury's verdict, for it requires" the defendants "to be confined for 21 years (i. e., during that full period they are both to be kept in confinement), which is the same as saying that each is to be confined 21 years." The other Kentucky case cited in appellants' brief is that of *Curd v. Commonwealth*, 14 B. Mon. (Ky.) 386, where, as the only punishment inflicted upon defendants, who were jointly indicted and convicted, the jury assessed a separate fine against each. Upon the contention of their counsel that the fine

should have been assessed against them jointly, the Kentucky court held otherwise.

In the case of *State v. Gay,* 10 Mo. 440, cited by appellant, the form of the verdict rendered is not given in the report of the case, but it appears that the punishment inflicted was only a fine, and the court held that there should have been a separate assessment against each defendant.

The only other cases, outside of this state, to which we are cited by appellants' counsel are from the state of Texas, to wit: *Allen v. State,* 34 Tex. 230, *Cunningham v. State,* 26 Tex. App. 83, 9 S. W. 62, and *Hines v. State,* 48 Tex. Cr. R. 24, 85 S. W. 1057, in each of which the punishment was only a fine; and *Hays v. State,* 30 Tex. App. 472, 17 S. W. 1063, and *Caesar v. State,* 30 Tex. App. 274, 17 S. W. 258, where the form of the verdict was identical in substance to that here and where the punishment was by sentence to the penitentiary. These cases, however, on the point here urged, have ceased to be authority in the jurisdiction from which they emanated and therefore are certainly entitled to no weight elsewhere as precedents; for the Court of Criminal Appeals of Texas in a case later than the last two just named as cited by appellants' counsel, that of *Garza v. State,* 43 Tex. Cr. R. 499, 66 S. W. 1098, where the verdict, as here, found the defendants guilty and assessed "their punishment" at three years' confinement in the penitentiary, said: "Exceptions were reserved to this" verdict "on the theory that it was a joint verdict, and not a separate verdict, as to each. Some of the older cases so hold, but this has not been the rule since the case of *Mootry v. State,* 35 Tex. Cr. R. 457 [33 S. W. 877, 34 S. W. 126]." In that case the verdict of the jury read, "We, the jury, find the defendants guilty of murder in the first degree and fix their

punishment at death;" and the Texas court in the discussion of the objection to the verdict said: "It is contended that this clause, 'and assess their punishment at death,' is a joint verdict as to their punishment, and that the infliction of the death of either would satisfy the verdict." After reviewing the decision in that state (Texas) on the subject, the court continues: "The jury in this case, in assessing the punishment of the defendants, uses the plural, 'their punishment,' and this they fix at death; that is, as we understand it, in common parlance, the death of each or their death. The very terms of the verdict make this certain. The nature of the punishment in some of the other cases mentioned was such as to leave it questionable whether the verdict was intended to be divisible or an entirety as to each defendant, but not so in this case. * * * No one, on reading said verdict, would question for a moment that the jury intended thereby to assess the punishment of each of said defendants at death, and the language used to our minds imports that idea and is inconsistent with any other reasonable construction; and, entertaining that view, we hold the verdict good as finding each of the defendants guilty of murder in the first degree and assessing the punishment of each at death."

In the still later case of *Polk v. State,* 35 Tex. Cr. R. 501, 34 S. W. 634, the same court, against a similar objection, upheld, construing the punishment as several and not joint, a verdict in words as follows: "We, the jury, find the defendants [naming them] guilty of murder in the first degree, and assess their punishment at life imprisonment in the state penitentiary."

In *Woodward v. State,* 84 Ark. 119, 104 S. W. 1109, an Arkansas case which counsel for the state cite, the verdict was as follows: "We, the jury, find the defendants guilty in the second count as charged in the indict-

ment, and assess their punishment at one year in the state penitentiary"—and the Supreme Court of Arkansas, in passing on the question of its validity, said: "Objection is raised to the form of the verdict as too indefinite to fix the punishment of each separately. It was manifestly intended by the jury to assess their punishment at one year each, as it would be improbable that they intended a joint sentence, each serving six months, alternately or concurrently. 'While absolute certainty is not essential [in a verdict], there must be certainty to a common and reasonable intent.'—29 Am. & Eng. Ency. Law (2d Ed.) 1016. This verdict is sufficient to meet the requirement."

It thus appears that the contention of the counsel for appellants finds no real support in these authorities to which they cite us. The only case in this state to which we are referred on the subject is that of *Perry v. State,* 149 Ala. 41, 43 South. 18, which likewise is not an authority on the proposition here, and that for two reasons: (1) Because the verbiage of the verdict, as to the punishment, is different there from that here; there the language of the verdict made it a joint punishment, while here the language makes it several; and (2) because the nature of the punishment there inflicted is different from that here; there it was a fine only which either could pay, while here it is a sentence of imprisonment which could not be satisfied by one's serving the entire time. The verdict there was: "We, the jury, find defendants guilty as charged * * * and assess *a fine* of one hundred dollars." Clearly this was the assessment of only one fine to be paid by the defendants. Our Supreme Court, therefore, said: "The verdict was invalid since it failed to separately assess a fine against each offender. The reason is apparent, viz., that payment of the whole fine may be recovered from one of the

defendants, thus permitting the others to escape punishment, and thereby savoring of the punishment of one man for the guilt of another." We do not think any person could seriously contend that the verdict of the jury in the present case, finding the defendants guilty and fixing *"their punishment"* at five years in the penitentiary, would be satisfied by letting one defendant serve the sentence and the other go free. The plain, commonsense meaning of the verdict, it seems to us beyond question, is that each defendant is to serve five years in the penitentiary concurrently with the other. Any other construction, it seems to us, is both strained and unnatural. Hence we are of opinion that the sentence of the court was authorized by the verdict and was in all respects proper.

The correction of the verdict as made by the jury, upon being recalled by the court after their separation, is an immaterial correction and could have in no way prejudiced the rights of the defendants.—*Watkins v. State,* 133 Ala. 88, 32 South. 627; *Noles v. State,* 24 Ala. 672; *Harrall v. State,* 26 Ala. 52.

The only other alleged errors insisted upon are those claimed to have been committed by the trial court in its refusal to give certain instructions, separately requested in writing by the defendants. The first of these is refused charge No. 2, which we find to have been approved in *Brown v. State,* 118 Ala. 111, 23 South. 81. In three later cases our Supreme Court held, after reviewing the *Brown Case,* that while it was proper to give such an instruction in a case where no testimony whatever was introduced by defendant, or where, if any was introduced, no part of it tended in any way to criminate him, yet that it was never proper to give such a charge in any case where any part of the testimony, elicited from defendant's witnesses, tended in any way

to show his guilt; for the reason that when the charge referred to is given in such a case as the latter, it improperly restricts the jury as to the evidence upon which they might predicate a belief of guilt beyond a reasonable doubt solely to that introduced by the state, when, as a matter of law, they are authorized to consider to this end, in connection with the other evidence, any facts or circumstances of a criminating character that were developed in the examination of the defendant's witnesses during the progress of the trial.—*Johnson v. State,* 133 Ala. 43, 31 South. 951; *Sanders v. State,* 134 Ala. 85, 32 South. 654; *Williams v. State,* 161 Ala. 57, 50 South. 59. See, in connection, also, *Rigsby v. State,* 152 Ala. 9, 44 South. 608.

In a still later case, however, our Supreme Court, viewing the charge from another angle, condemned it in toto in a murder case (as is the case here), holding that it was bad, in that it required defendant's acquittal, unless the jury believed beyond a reasonable doubt that he was guilty "as charged in the indictment" (that is, of murder), when in truth the law does not require them to acquit, although they may believe the defendant not guilty of murder, provided they do believe him guilty of manslaughter.—*Watts v. State* (Sup.) 59 South. 273. See, also, *McCoy v. State,* 170 Ala. 10, 54 South. 428; *Williams v. State,* 161 Ala. 57, 58, 50 South. 59. The lower court, therefore, committed no error in refusing the charge in this case. The same authorities and the same principles as therein announced likewise justified the refusal of charge No. 4 in this case, though it was also approved in *Brown v. State, supra.*

The propositions of law asserted in refused charge No. 10 are fully covered in the given charges. This refused charge reads as follows: "The court charges the jury that, before they can convict the defendants, they

must be satisfied to a moral certainty, not only that the proof is consistent with defendants' guilt, but that it is wholly inconsistent with every other rational conclusion; and, unless they are so convinced of his guilt by the evidence beyond all reasonable doubt, they must acquit the defendant." The first proposition asserted in the refused charge is covered by given charge 31, which is almost an exact and is a substantial duplicate of the first part of the refused charge, and which reads as follows: "The court charges the jury that, before they can convict the defendant, they must each be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with any other rational conclusion." The second proposition asserted in the refused charge is covered in given charge No. 32, to wit: "The court charges the jury that, unless the state has shown the defendant's guilt by the evidence, beyond all reasonable doubt, and to a moral certainty, then the jury should acquit defendant." See, also, given charges Nos. 69, 70, 71, 74, and 18.

Refused charge 23, while approved in *Neilson v. State,* 146 Ala. 683, 40 South. 221, was in the later case of *Way v. State,* 155 Ala. 52, 46 South. 273, held to be of such a character, on account of the use of the word "promptly" in it, as to justify its refusal. Besides, the proposition asserted in the charge appears to be fully covered by some of the given charges.

Refused charge No. 17, while also approved in *Brown v. State, supra,* and while apt in its verbiage as applied to a case of circumstantial evidence, as that one probably was, is inapt in the use of the word "circumstance" when applied to a case as that here, where the testimony relied on for conviction is all positive.—See, in connection, *Bailey v. State,* 161 Ala. 75, 49 South. 886.

Besides, the charge was approved in a case where only one defendant was on trial and is requested here, without any change in its verbiage, where two defendants are on trial, and it is so worded and phrased that the jury might be led into the mistake of believing that if they were not convinced as to the guilt of one of the defendants they should return a verdict of not guilty as to both.

Furthermore, the charge is to be condemned if we follow, as we should and as we will, the principles announced and applied by our Supreme Court in cases subsequent to *Brown v. State, supra,* to charges like that now in question, which pretermit a consideration by the jury of any criminating facts and circumstances developed on the examination of defendant's witnesses, and which confine the jury to the necessity of looking alone to the evidence introduced by the state as a foundation for a verdict of guilty.—*Rigsby v. State,* 152 Ala. 9, 44 South. 608; *Welch v. State,* 156 Ala. 112, 46 South. 856; *Moss v. State,* 152 Ala. 30, 44 South. 598. It likewise appears that the charge is also covered by some of the given charges.

Refused charge 19 was approved in *Crane v. State,* 111 Ala. 46, 20 South. 590, but must fall for reasons pointed out in later decisions of our Supreme Court. It is faulty in that it refers to the jury the determination of matters of law, for, before they could know whether all "the necessary and material allegations of the indictment" were proved or not, it would be necessary for them to ascertain what the "necessary and material allegations of the indictment" were, which is, of course, a question of law for the court. The charge is consequently bad for a failure to inform the jury what are the "necessary and material allegations of the indictment."—*Andrews v. State,* 159 Ala. 14, 48 South.

858; *Whatley v. State,* 144 Ala. 69, 39 South. 1014; *Scott v. State,* 150 Ala. 59, 43 South. 181.

Refused charge 28 is a correct charge under the following authorities: *Salm v. State,* 89 Ala. 56, 8 South. 66; *Gilmore v. State,* 99 Ala. 154, 13 South. 536; *McCoy v. State,* 170 Ala. 10, 54 South. 428; *Bailey v. State,* 168 Ala. 4, 53 South. 296; *Rosenberg v. State,* 5 Ala. App. 196, 59 South. 367.

We are of opinion, however, that the proposition of law embodied in it are so fully covered by given charges as to justify its refusal by the court. It reads: "The court charges the jury that the innocence of defendant is presumed until his guilt is established by the evidence, in all the material aspects of the case, beyond a reasonable doubt, to a moral certainty; and it may also be said that evidence of guilt must be strong and cogent, and, unless it is so strong and cogent as to show that defendant is guilty to a moral certainty, the defendant must be acquitted." It will be observed that the first proposition embraced in the charge is the one as to proof necessary to overcome the presumption of innocence, which is covered by given charges Nos. 20 and 1, which read:

(20) "The court charges the jury that the legal presumption of innocence is overcome only by evidence of guilt which satisfies the mind of the jury beyond all reasonable doubt."

(1) "The court charges the jury that the legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence, to the benefit of which the accused is entitled, and as a matter of evidence it attends the accused until his guilt is by the evidence placed beyond all reasonable doubt."

The next proposition embodied in the refused charge is as to how strong and cogent must be the proof neces-

[Davis v. The State.]

sary to convict, which is fully covered in given charges numbered 32, 31, 46, 18, and 24, which read:

(32) "The court charges the jury that, unless the state has shown the defendant's guilt by the evidence beyond all reasonable doubt and to a moral certainty, then the jury should acquit the defendant."

(31) "The court charges the jury that, before they can convict the defendant they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with any other rational conclusion."

(46) "The court charges the jury that a reasonable doubt may exist, though there is no probability of defendant's innocence from the testimony; and if they have not an abiding conviction, to a moral certainty, of defendant's guilt, then they should acquit the defendant."

(18) "The court charges the jury that, unless the evidence excludes every reasonable supposition but that of defendant's guilt, you must acquit defendant."

(24) "The court charges the jury that, if from the evidence there is a probability of defendant's innocence, then the jury should acquit defendant." See, also, given charges numbered 74, 7, 69, 15, 21, and 22.

Refused charges 36 and 37 are so patently faulty that appellants' counsel do not, in their brief, insist that there was any error in the refusal of either of them. We therefore deem it unnecessary to discuss them, but content ourselves with a citation of the authorities by which, if the charges are tested, they will be found bad. —*Kirby v. State,* 151 Ala. 66, 44 South. 38; *Gordon v. State,* 147 Ala. 42, 41 South. 847; *Welch v. State,* 156 Ala. 112, 46 South. 856; *Andrews v. State,* 150 Ala. 56, 43 South. 196; *Moss v. State,* 152 Ala. 30, 44 South. 598.

We are of opinion that charge 41 was properly re-

fused. It is but a futile attempt to cure the defects of a similar charge condemned in *Newell v. State,* 115 Ala. 58, 22 South. 572, and in *Shepperd v. State,* 94 Ala. 102, 10 South. 663, and in *Gaston v. State,* 161 Ala. 37, 49 South. 876. The charge is the same in verbiage as the one there considered, except that in it, as it here appears, are inserted the words, "before. he, or they [meaning the jury], can have an abiding conviction of the guilt of the defendants," which words are not found in the charge condemned in the cases cited. An "abiding conviction" is a "settled" or a "fixed" conviction (*Hopt v. Utah,* 120 U. S. 430, 7 Sup. Ct. 614, 30 L. Ed. 708), and our Supreme Court have held that the use in a charge of the latter term, "fixed conviction," when employed to convey the same idea as a conviction beyond a reasonable doubt, renders the charge misleading and justifies its refusal.—*Adams v. State,* 115 Ala. 90, 22 South. 612, 67 Am. St. Rep. 17; *Webb v. State,* 162 Ala. 58, 50 South. 356.

Charge 64 was approved in *Henson v. State,* 112 Ala. 49, 21 South. 79, but that case has been expressly overruled in this particular by subsequent adjudications of the Supreme Court, which hold the charge defective for not defining the elements of self-defense.—*Greer v. State,* 156 Ala. 15, 47 South. 300. See, also, *Lawson v. State,* 155 Ala. 44, 46 South. 259; *Gaston v. State,* 161 Ala. 37, 49 South. 876; *Miller v. State,* 107 Ala. 42, 19 South. 37; *Powell v. State,* 5 Ala. App. 75, 59 South. 530.

Charge 65 was likewise properly refused. The burden is never upon the state to prove that the defendant was not free from fault in bringing on the difficulty, unless and until the defendant has first proved that he was in imminent peril, etc., and could not retreat without increasing that peril.—*Pugh v. State,* 132 Ala. 6, 31

South. 727. The correct exposition of the law, attempted to be asserted in refused charges 64 and 65, is found in charges numbered 50 and 55, given at defendant's request.

Refused charge 68 was approved in *Simmons v. State*, 158 Ala. 11, 48 South. 606, and meets the criticisms pronounced against a similar charge in the following cases, to wit: *Walker v. State*, 153 Ala. 32, 45 South. 640; *Rosenberg v. State*, 5 Ala. App. 198, 59 South. 366; *Roberson v. State* (sup.) 57 South. 829; *Bailey v. State*, 161 Ala. 75, 49 South. 886. The court will not be put in error for refusing it in this case for the reason that it is fully covered by given charge No. 69, which is really more favorable to defendants than the refused charge. The refused charge (68) is as follows: "I charge you, gentlemen of the jury, that, if there is one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit"—while given charge 69 is as follows: "I charge you, gentlemen of the jury, that, if there is one single fact in this case proved beyond a reasonable doubt which is inconsistent with defendant's guilt, then this is sufficient to raise a reasonable doubt of defendant's guilt, and the jury should acquit defendant." It thus appears from a comparison of the two that the only difference between them is that the given one asserts that, if a single fact inconsistent with defendant's guilt is *"proved beyond a reasonable doubt,"* the jury must acquit, while the refused charge asserts that if a single fact, inconsistent with defendant's guilt is *"proved to the satisfaction of the jury,"* they must acquit. Clearly the refused charge requires a higher degree of proof of this "single fact" than the given charge does, for proof to "the satisfaction of the mind" is proof that relieves

it not only of a reasonable doubt but of all doubt and uncertainty; hence, as said, the given charge was more favorable to defendant.—See *Torrey v. Burney,* 113 Ala. 504, 21 South. 348; *Bones v. State,* 117 Ala. 138, 23 South. 138; *Prince v. State,* 100 Ala. 146, 14 South, 409, 46 Am. St. Rep. 28.

Refused charge 76 was the affirmative charge, which the lower court was so clearly justified in refusing, under the facts of this case, that counsel for appellants do not discuss it in their brief. There was ample evidence to justify a submission to the jury of the question of defendants' guilt and to sustain such finding. There was likewise sufficient proof as to venue to carry that question to the jury.—*Pearson v. State,* 5 Ala. App. 68, 59 South. 526; *Williams v. State,* 5 Ala. App. 112, 59 South. 528; *Harrison v. Anniston,* 156 Ala. 620, 46 South. 980; *Tinney v. State,* 111 Ala. 74, 20 South. 597; *Dupree v. State,* 148 Ala 620, 42 South. 1004; *Glenn v. State,* 157 Ala. 12, 47 South. 1034.

Refused charge No. 77 predicates an acquittal of the defendants unless the jury believe beyond a reasonable doubt *"that the offense charged in the indictment"* (that is, murder in the first degree) was committed in Dallas county, and was properly refused for the reason that it is misleading in that it was well calculated to lead the jury, who are laymen and not lawyers, to think that, although they might believe beyond a reasonable doubt that the homicide was committed in Dallas county, they could not convict the defendants at all, unless they further believe that that homicide was committed under such circumstances that it amounted to murder in the first degree, "the offense charged in the indictment."—*Watts v. State* (Sup.) 59 South. 273; *Williams v. State,* 161 Ala. 58, 50 South. 59; *McCoy v. State,* 170 Ala. 10, 54 South. 428.

[Davis v. The State.]

Besides, in view of that part of the evidence in this case which tended to show that the offense was committed near the boundary line of Dallas and Lowndes counties, the charge was improper. The court had jurisdiction of the crime, although it may have been committed in Lowndes county, if within a quarter of a mile of the boundary line of Dallas county.—Code, § 7229.

Counsel for appellants urge the proposition that the charges which were given at the request of the defendants and found here in the record proper cannot be looked to by this court for any purpose, since they are not incorporated in the bill of exceptions. Section 5364 of the Code makes them a part of the record, and while they cannot be reviewed, or looked to for the purpose of reversing the trial court, unless they also appear in the bill of exceptions, yet they may be looked to, if found in the record proper, though they be not in the bill of exceptions for the purpose of comparing them with the refused charges and of ascertaining, in favor of the ruling of the trial court, if the propositions of law asserted in the refused charges are not also covered in the given ones.—*Choate v. A. G. S. R. R. Co.,* 170 Ala. 593, 54 South. 507.

We have deemed it necessary to discuss, and have discussed, only those points which were insisted upon by defendants' counsel. We do not find that the trial court has committed any reversible error, and the judgment of conviction is therefore affirmed.

Affirmed.